## In re WELLINGTON DEVELOPMENT OF FLORIDA, INC., Debtor(s).

### Bankruptcy No. 89–1383.
### Motion No. 90–4328 M.

United States Bankruptcy Court,
W.D. Pennsylvania.

Sept. 21, 1990.

Joseph J. Bernstein, for debtor.

Joseph M. Maurizi, for claimant, ShowBiz Pizza Time, Inc.

Beverly E. Weiss Manne, for claimant, Kravco.

Mark S. Seewald, for Trustee, Stanley G. Makoroff.

## MEMORANDUM OPINION

JUDITH K. FITZGERALD, Bankruptcy Judge.

The matter before the Court in this Chapter 7 proceeding is Debtor's Motion to Approve Retention of Counsel, *Nunc Pro Tunc.* Debtor's counsel failed to seek approval of this Court for his retention as counsel for the Debtor in Possession before commencing legal representation, either when the case was filed under Chapter 11 or at any time thereafter, including after conversion to Chapter 7, until he was notified by the Chapter 7 Trustee that there were assets available for distribution to creditors. Upon receipt of the notice, Debtor's counsel began to prepare a fee application and discovered that he and/or his firm had never been appointed as counsel. After the pending motion was filed, objections were filed on behalf of the Chapter 7 Trustee and on behalf of a creditor.

The power of a bankruptcy court in this Circuit to grant approval *nunc pro tunc* was established in *Matter of Arkansas Co., Inc.,* 798 F.2d 645 (3d Cir.1986). *Arkansas* also set forth standards which a court must consider in evaluating the request.

Movant propounds three arguments in his cause, but they are unpersuasive, contravening applicable statutory provisions and settled case law.

■ Movant first asserts that 11 U.S.C. § 327(a), the Bankruptcy Code section

which mandates court approval for the employment of attorneys and other professionals, applies to trustees, but not to debtors in possession in a Chapter 11 proceeding because that section does not specifically use the term "debtor in possession." Movant characterizes an interpretation of section 327 which includes debtors in possession within its ambit as a "tortured reading" of the Bankruptcy Code. However, in light of prior decisions in this District, the Court finds such an interpretation to be the only one available.

In defining the rights, powers, and duties of a debtor in possession, 11 U.S.C. § 1107(a) clearly states:

> Subject to any limitations on a trustee serving in a case under this chapter, and to such limitations or conditions as the court prescribes, *a debtor in possession shall have all the rights*, other than the right to compensation under section 330 of this title, *and powers, and shall perform all the functions and duties*, except the duties specified in sections 1106(a)(2), (3), and (4) of this title, *of a trustee* serving in a case under this chapter. (emphasis added).

Thus, with a few exceptions, the debtor in possession is statutorily identical to the trustee and has the same obligation to obtain court approval for the employment of counsel.

Case law likewise supports this appraisal:

> In assuming that section 327 of the new Code did not statutorily require prior court approval for appointment of an attorney employed by *other* than the trustee, debtor's attorney ... overlooked section 1107(a) of the new Code, ... section 1107(a) places the debtor in possession in the shoes of a trustee in every way.

*Matter of Triangle Chemicals, Inc.,* 697 F.2d 1280, 1283–84 (5th Cir.1983). Similarly, the Chief Judge of the District Court for the Western District of Pennsylvania noted:

> 11 U.S.C. § 1107 gives a debtor in possession in a Chapter 11 proceeding all the rights and powers of a trustee. Therefore, an attorney for the Chapter 11

debtor in possession is subject to the same requirement of prior appointment as an attorney chosen by a Chapter 7 or Chapter 11 trustee. See 11 U.S.C. § 327.

*Matter of J.D. Lynnan No. 2, Inc.,* 72 B.R. 411, 413 n. 2 (W.D.Pa.1987). Likewise, in *In re Hercules Service Corporation,* 116 B.R. 50 (Bankr.W.D.Pa.1990), another bankruptcy judge in this district read section 1107 as applicable to attorneys for debtors in possession. We also note that in prior practice under Chapter XI of the Bankruptcy Act, where an attorney was employed by a debtor in possession in a capacity in which he was the functional equivalent of the attorney for a receiver, prior approval by the court was required. *See In re Designaire Modular Home Corporation,* 517 F.2d 1015 (3d Cir.1975).

Movant next contends that the *Arkansas* standards for *nunc pro tunc* approval should be relaxed for an attorney employed by a debtor in possession as opposed to those attorneys retained by trustees or creditors' committees. His rationale is that in a voluntary Chapter 11 bankruptcy, the Court and all parties in interest are aware of the attorney and/or firm representing the debtor in possession, while an attorney advising a trustee or committee might not be readily known. This argument has some merit in that most debtors in possession have at least one attorney or law firm whose name appears on the bankruptcy petition and/or on the notice to creditors which schedules the § 341 meeting, documents which are available to and/or served upon all creditors. Nevertheless, that fact is not sufficient justification to ignore the principles enunciated by the *Arkansas* court for requiring prior approval:

> We have previously characterized the requirement of prior approval of employment as a means of ensuring "that the court may know the type of individual who is engaged in the proceeding, their integrity, their experience in connection with work of this type, as well as their competency concerning the same."

*Arkansas,* 798 F.2d at 648, quoting *In re Hydrocarbon Chemicals, Inc.,* 411 F.2d

203 (3d Cir.) (en banc), *cert. denied,* 396 U.S. 823, 90 S.Ct. 66, 24 L.Ed.2d 74 (1969).

Mere knowledge of the identity of one who would serve as counsel for the debtor in possession does not satisfy these concerns even where, as here, the selected attorney is known by the court to meet the standards set forth above. For instance, one of the objections raises the specter of a conflict of interest which this attorney's employment may have generated. The requirement of prior approval was intended to provide litigants with the timely opportunity to have the court consider reasons why a specific attorney should not be authorized to represent a specific debtor in possession, despite the professional abilities of the applicant.

*Arkansas* itself reiterates the disinterestedness requirement of retained counsel found at 11 U.S.C. § 327(a). Mere knowledge of the identity of the lawyer representing the debtor in possession does not inform the court or parties in interest of any past dealings which the attorney may have had with the debtor in possession, with its insiders, or with others, which might affect the chosen counsel's interests regarding the estate. To alert the parties and the court to potential conflicts, Bankruptcy Rule 2014(a) requires both the applicant and the professional to be retained to list all of the professional's "connections with the debtor, creditors, or any other party in interest, their respective attorneys and accountants." As the court stated in *In re Allegheny International, Inc., et. al.,* 117 B.R. 171 (W.D.Pa.1990):

> The purpose of the disinterestedness requirement is the avoidance of associations or connections, whether direct or indirect, between potential employees of a trustee or debtor-in-possession, which could introduce conflicting loyalties into the bankruptcy case. (citation omitted). The disinterestedness requirement is intended to avoid not only actual conflicts of interest, but also the appearance of conflicts. (citations omitted).

At 179.

Finally, *Arkansas* flatly rejects the notion that knowledge of the identity or reputation of counsel alleviates the aforementioned concerns:

> It has been suggested that these concerns can be amply attended to by the bankruptcy court's after-the-fact control over compensation, (citations omitted), *and the bankruptcy court's knowledge, through observation, of the attorney's presence and qualifications* (emphasis added). (citations omitted). We reject the notion that a complete and thorough post-application review may substitute for prior approval in most cases. This approach would render meaningless the structure of the Bankruptcy Code and Rules which contain provisions requiring *both* prior approval *and* after the fact approval of compensation (emphasis in original).

*Arkansas* at 648–49. This Court, therefore, must reject Movant's second argument and must apply the standards set forth to determine whether a *nunc pro tunc* appointment may be authorized.

■ In his final argument, Movant asserts that "extraordinary circumstances," one of the requirements enunciated in *Arkansas,* exist to justify the granting of approval *nunc pro tunc.*

> ... [T]he bankruptcy court may grant retroactive approval only if it finds, after a hearing, that it would have granted prior approval ... and that the services performed were necessary ... Thereafter ... the bankruptcy court must consider whether the particular circumstances in the case adequately excuse the failure to have sought prior approval. This will require consideration of factors such as whether the applicant or some other person bore responsibility for applying for approval; whether the applicant was under time pressure to begin service without approval; the amount of delay after the applicant learned that initial approval had not been granted; the extent to which compensation to the applicant will prejudice innocent third parties; and other relevant factors.

*Arkansas* at 650.

Regarding the first prong of the *Arkansas* analysis, the Court finds that Movant

has performed necessary services for the debtor in possession. However, even assuming that Movant would have been successful in establishing that there was no conflict of interest, and, therefore, would have been granted prior approval to represent the debtor in possession, he has failed to meet the requirements of *Arkansas'* second prong by demonstrating that sufficiently adequate "extraordinary circumstances" exist to warrant that approval *nunc pro tunc.*

In his oral argument, Movant suggested that there was time pressure to begin legal services without approval. Although urgency may excuse a failure to apply for a reasonable period after the case is commenced, this motion was not filed for over a year after the bankruptcy was initiated and many months after the case was converted from Chapter 11 to Chapter 7. Time pressure, which may explain the initial failure to seek approval, did not exist throughout the entire history of this case and cannot justify this appointment, *nunc pro tunc,* under existing case law. Although this Court finds that the Movant acted expeditiously upon learning that prior application had not been made, it is also a fact that Movant bore the responsibility for applying for approval and no reason other than oversight has been advanced for the failure to obtain a timely approval. Movant is an experienced bankruptcy practitioner who appears before the bankruptcy courts frequently. He must be held to know of the necessity for approval as a condition to payment from the estate.

Whether compensation to Movant would prejudice innocent third parties is not a factor which the Court can evaluate at this time. Certainly, had Movant been approved at the outset of the case, his fees would be entitled to the priority of distribution authorized by the Bankruptcy Code. It is questionable, therefore, whether a *nunc pro tunc* appointment would be "prejudicial" in the usual sense to creditors and claimants because the same distribution priority would apply. The Court is unaware of any parties in interest other than creditors and claimants who would be affected by the appointment. However, Movant was unable to advise what amount of fees would be sought, and there is no information before the Court by which a calculation can be made of the potential diminution of funds available for distribution to other creditors if this motion were granted.

In *Hercules,* 116 B.R. 50, Judge Markovitz expressed some discomfort in denying a similar *nunc pro tunc* request, which ultimately results in the denial of fees to an attorney for work performed. We concur. Nevertheless, the Court finds that relevant statutory provisions and case law in this Circuit as applied to the facts of this case compel the conclusion that Movant has failed to demonstrate "extraordinary circumstances" and that this Motion must be denied.

An appropriate Order will be entered.