**In re WALLINGFORD FRUIT HOUSE, INC.**

**Civ. No. 83-0247 P.**

United States District Court,
D. Maine.

Dec. 27, 1983.

Stephen B. Wade, Fales & Fales, P.A., Lewiston, Me., for debtor.

F. Mark Terison, Asst. U.S. Atty., Portland, Me., Richard L. Hornbeck, Brunswick, Me., George A. Hess, Linnell, Choate & Webber, Auburn, Me., for respondents.

OPINION & ORDER

CARTER, District Judge.

In March 1982 debtor, Wallingford Fruit House, Inc., filed a petition for relief under Chapter 11 of the Bankruptcy Code. Although Attorney Stephen Wade represented the debtor throughout the reorganization proceedings, no application to employ him was filed. At a hearing on the debtor's

Petition for Approval of Attorney's Fees, the court declined to award compensation solely on the grounds that it had no discretion to do so. "[I]f I had any discretion, I would, I'd simply go ahead and allow the fees retroactively."

In the companion to this case, *In re Roger N. Cormier,* 35 B.R. 424 (D.Me. 1983), this Court has determined that the bankruptcy court has the equitable power to exercise its discretion and award attorney's fees where there has been no prior approval of employment upon a proper showing. The debtor must show at least that the estate has benefited from the attorney's services and that there was no conflict of interest that would have prevented the appointment of the attorney in the first instance. The bankruptcy court here erred in declining to exercise its discretion in this case. Although the record sets out a complete description of how the bankruptcy judge would have ruled and the factual predicate for his opinion, this Court must remand the case to allow the judge to exercise his discretion. While the bankruptcy judge can make a determination that an attorney would have been appointed if he had applied based on his intimate knowledge of the case, this Court cannot do so absent a fuller factual basis and must decline to enter an order of its own in the course of a *de novo* review.

Accordingly, it is ORDERED that this case is remanded to the bankruptcy court to allow the bankruptcy judge to exercise his discretion as to whether to allow compensation to the attorney who has represented the estate throughout the Chapter 11 proceedings.

So ORDERED.