**In re Roger N. CORMIER, et al.**

**Civ. No. 83-0078 P.**

United States District Court,
D. Maine.

Dec. 27, 1983.

William H. Tucker, U.S. trustee, Peter Greenleaf, Asst. U.S. trustee, Portland, Me.

Peter S. Plumb, Clarke Hambley, Jr., Murray, Plumb & Murray, Portland, Me., for debtors.

CARTER, District Judge.

Debtors in this case each filed Chapter 13 Wage Earner petitions which were subse-

quently consolidated. Shortly after the initial filing, on October 31, 1981, the Bankruptcy Court approved debtors' motion to convert the case to a Chapter 11 proceeding. A year later the proceedings culminated with confirmation of the reorganization plan of the debtors in possession.

Peter Plumb, Esq. represented the debtors in all the aforementioned proceedings. In connection with the Chapter 13 petition, pursuant to Bankruptcy Rule 219(b), Plumb filed a statement disclosing his intended activities in the proceedings and representing that he had not shared or agreed to share compensation that he might receive with any other person. No authorization of the court is required for employment of counsel in Chapter 13 proceedings. Debtors in possession did not seek the court's approval under 11 U.S.C. § 327(a) to continue employing Mr. Plumb when the case was converted to a Chapter 11 reorganization proceeding. After the debtors' reorganization plan had been confirmed, Murray, Plumb & Murray applied to the court for compensation and disbursements for the representation by Mr. Plumb, a partner in that firm, during the bankruptcy proceedings. The United States Trustee raised the only objections to the granting of the application.

In January 1983, the Court found that it was fair and equitable to approve the fee application as submitted despite counsel's failure to file an application to be employed as a professional person under 11 U.S.C. § 327. The Bankruptcy Court based its decision on the grounds (1) that the attorney was not originally required to file an application and (2) that he had expended considerable time and effort assisting the debtors in both the Chapter 13 and Chapter 11 proceedings, successfully opposing a conversion motion and establishing a reorganization plan.

Section 327 provides that the trustee, or under § 1107(a) the debtors in possession, "with the court's approval, may employ one or more attorneys ... that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to repre-

sent or assist the trustee in carrying out the trustee's [or debtor-in-possession's] duties under this title." The issue raised by this appeal is whether prior approval of an attorney's employment by the court is a prerequisite to his compensation for services rendered to debtors in possession during the administration of the estate.

██ It is plain that § 327, much as its predecessor G.O. 44, is designed to insure in advance of employment of a professional both that the employment is necessary to the estate and that the person employed is disinterested and able to serve the best interests of the estate. *In re Chocklett*, 274 F.Supp. 821 (D.Va.1967); *In re Itemlab, Inc.*, 257 F.Supp. 764 (D.N.Y.1966). Such a rule has the beneficial effect of tending to the preservation of the assets of the estate. This Court is aware that many other courts have construed § 327 or its predecessor as a *per se* rule of qualification for compensation, the violation of which must result in denial of compensation to professionals who have performed valuable services for the estate. *See, e.g., In re H.L. Stratton, Inc.*, 51 F.2d 984 (2d Cir.1931); *Albers v. Dickinson*, 127 F.2d 957 (8th Cir.1942). Although the policy reasons for a *per se* rule are easily to be grasped, many of the cases have adopted the rule when other factors negating qualification for compensation were present—usually some factor which would have precluded appointment of the professional in the first instance. *See In re Triangle Chemicals, Inc.*, 697 F.2d 1280, 1286 (5th Cir.1983).

██ As the court in *Triangle Chemicals* pointed out in its thoughtful analysis of the same issue raised here, neither § 327 nor the Bankruptcy Rules by their terms, or by any necessary implication, prohibit the court from exercising its sound discretion in deciding whether to approve employment of a professional after the fact to the end that the deserving professional may be compensated by the estate for valuable services performed for it. *Id.* at 1284. The bankruptcy court is governed by equitable principles and need not read statutory language woodenly. *Bank of Marin v. England*, 385

U.S. 99, 87 S.Ct. 274, 17 L.Ed.2d 197 (1966). One basis for the exercise of equitable power in situations analogous to the instant one is the principle that services beneficial to a fund administered by the bankruptcy court should be compensated for, out of the fund. *Fine v. Weinberg,* 384 F.2d 471 (4th Cir. 1967) (services performed before debtor adjudicated a bankrupt); *see also, In re Triangle Chemicals, Inc.,* 697 F.2d at 1288. This principle accords with other express compensation policies under the Code. *See* 11 U.S.C. § 506(c). Thus, its application in cases like this is appropriate as long as the bankruptcy judge exercises his discretion in such a way as not to contravene other express policies of the Code, specifically so as not to allow compensation to professionals whose interests conflicted with those of the estate or whose actions were not of clear benefit to the estate.

Although the bankruptcy court retains equitable power to exercise its discretion, upon a proper showing, to grant compensation to attorneys who have performed services for the estate without prior court approval, in this case the court found a clear benefit but failed to make an explicit finding that there existed no conflict of interest between the attorney and the estate. Accordingly, it is ORDERED that this matter be remanded to the bankruptcy court for more specific findings to support *the exercise of its discretion in awarding* attorney's fees in this case.

So ORDERED.