**In re William H. WEBSTER on appeal from the United States Bankruptcy Court for the District of Maine.**

**Civ. No. 90–0274–P–C.**

United States District Court, D. Maine.

Oct. 3, 1991.

Louis H. Kornreich, Gross, Minsky, Mogul & Singal, P.A., Bangor, Me., David T. Anderson, Verrill & Dana, Portland, Me., James Segel, Hale & Dorr, Boston, Mass., for William H. Webster, debtor.

Peter G. Cary, Mittel & Assen, Portland, Me., for Century 21/Balfour Real Estate.

John F. Lambert Jr., Black, Lambert, Coffin & Rudman, Portland, Me., for Bank of New England.

Jeffrey MacDougas, Oxford Bank & Trust Co., Oxford, Me., for Oxford Bank & Trust Co.

Thomas A. Cox, Friedman & Babcock, Portland, Me., for Maine Nat. Bank (appellant).

## MEMORANDUM OF DECISION ON APPEAL

GENE CARTER, Chief Judge.

This matter is before the Court on appeal from an order of the Bankruptcy Court approving the *nunc pro tunc* employment of a real estate broker for purposes of selling real estate which was an asset of the estate in bankruptcy. The Court has fully reviewed the record on appeal and finds that there is no clear error nor any abuse of discretion in the decision of the bankruptcy judge in granting *nunc pro tunc* approval to employment of a real estate broker in the circumstances of the case. The Court has previously dealt with such *nunc pro tunc* authorizations of employment of professionals in the matters of *In re Cormier*, 35 B.R. 424 (D.Me.1983), and *In re Wallingford Fruit House, Inc.*, 35 B.R. 426 (D.Me.1983). In *Wallingford* the Court stated: "The debtor must show at least that the estate has benefited from the attorney's services and that there was no conflict of interest that would have prevented the appointment of the attorney in the first instance." *Wallingford*, 35 B.R. at 427. Both of those conditions to appointment are fully satisfied on the record here.

Appellant contends, however, that in addition to those conditions the Court should impose a condition which requires the showing of some "extraordinary circumstances which warrant the relief requested." *See, e.g., In re F/S Airlease II, Inc.,* 844 F.2d 99 (3d Cir.1988). The Court's answer to this contention is twofold. First of all, in both *Cormier* and *Wallingford* there were present factual aspects of the performance of the professional's services in question sufficient to constitute extraordinary circumstances justifying the relief granted by the Bankruptcy Court. In neither of those cases was the existence of such extraordinary circumstance placed in question. In both of them, the extraordinary circumstance was that for reasons not chargeable to any culpability or negligence on the part of anybody involved in the administration of the estate, the work had been permitted to be done, to the benefit of the estate, without seeking advance court approval of the employment of the professional for that purpose. In the exercise of equitable discretion, the court in those cases had firmly in mind the need that there be some explanation for the fact that prior approval is not obtained and that the explanation for that circumstance be of a reasonable nature. "Extraordinary circumstances," even under *Airlease* criteria, amount to nothing more.

The second answer to the contention of the Appellant is that here again there is a reasonable explanation for the fact that the professional in question was permitted to perform professional services *without having first obtained prior approval* for reasons that had nothing to do with mismanagement, conflict of interest, or culpable conduct on the part of any person charged with the management of the estate or of the professional herself. Such is sufficient factual predicate to constitute an extraordinary circumstance within the meaning of the cases cited by the Appellant. When put together with the facts that her activities resulted in the sale of a significant asset of the estate, to the benefit of the estate, and that there is no suggestion, much less any showing, of any self-interest or other cause of disqualification of the professional, there is good reason for the Bankruptcy Court to have approved payment for those services and it was not an abuse of discretion for the Court to do so.

It is hereby ORDERED that the appeal herein be, and it is hereby, DENIED.