**In re Frank LUCHKA d/b/a American Waste Paper, Debtor.**

**Bankruptcy No. 90–11701.**

United States Bankruptcy Court,
D. Rhode Island.

March 30, 1993.

Frederick Cass, Providence, RI, for debtor.

John Boyajian, Boyajian, Harrington & Richardson, Providence, RI, trustee.

Bruce W. Gladstone, Cameron & Mittleman, Providence, RI, for Citizens Trust Co. and Citizens Sav. Bank.

Office of the United States Trustee, John Fitzgerald, Boston, MA.

## DECISION AND ORDER

ARTHUR N. VOTOLATO, Jr.,
Bankruptcy Judge.

Before us is the Chapter 7 Trustee's Nunc Pro Tunc Application to Employ the Firm of Boyajian, Harrington & Richardson as counsel to the Trustee. The United States Trustee objects, on the ground that nunc pro tunc applications generally are not authorized in this Circuit. The facts are not in dispute.

On April 19, 1991, John Boyajian, the Chapter 7 Trustee, filed an adversary proceeding to avoid a pre-petition transfer of real estate by the Debtor. There was no

---

application or order approving the employment of counsel before services were performed which resulted in the recovery of $30,600 for the estate. Counsel now requests that his employment as attorney for the Trustee be approved, nunc pro tunc, and that he be paid for his work. It is obvious that Mr. Boyajian's efforts have benefited the estate and creditors, and that for him to go uncompensated here will result in a windfall to the beneficiaries of his efforts. At issue is whether this Court has the authority to rescue professionals who fail to comply with the statutory and procedural red tape.

■ The Bankruptcy Code requires an application for employment of a professional to be approved before rendering the services for which he/she expects to be compensated. 11 U.S.C. § 327(a). That section provides: "except as otherwise provided in this section, the trustee, *with the court's approval*, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons...." 11 U.S.C. § 327(a) (emphasis added). In addition, Fed.R.Bankr.P. 2014(a) states,

> An order approving the employment of attorneys, accountants, appraisers, auctioneers, agents, or other professionals pursuant to § 327, § 1103, or § 1114 of the Code shall be made only on application of the trustee or committee.... The application shall state the specific facts showing the necessity for the employment, the name of the person *to be employed*, the reasons for the selection, the professional services *to be rendered*.... (emphasis added).

Fed.R.Bankr.P. 2014. We emphasize the prospective language in Rule 2014 to point out the requirement of court approval *before* the professional renders services to the estate, and the cases recognize this. Although the result can be and often is harsh when a professional does not comply with the rule, there appears to be little latitude or discretion within which the Court may act to correct the omission, and this is true even though in many instances, as here, the facts do not fall within the sphere of abuse sought to be prevented.

*See DeRonde v. Shirley (In re Shirley),* 134 B.R. 940, 943–44 (Bankr. 9th Cir.1992); Stephen R. Grensky, *The Problem Presented by Professionals who Fail to Obtain Prior Court Approval of their Employment or Nunc Pro Tunc Est Bunc* 62 Am.Bankr.L.J. 185, 188–96 (1988).

> [I]t is not a pleasant task for a bankruptcy judge to deny compensation to one who has invested time and effort in assisting the court in the administration of its caseload.... [However,] [u]nder section 327(a) and B.R. 2014(a) as they now read, there is no statutory authority for entering retroactively effective appointment orders.

*Id.* at 201.

Because of both statutory and procedural requirements of prior approval of employment of professionals, courts have "taken a strong stand against paying legal fees to counsel whose appointment was not properly authorized." *In re Certain Special Counsel to Boston & Me. Corp.,* 737 F.2d 115, 119 (1st Cir.1984); see also 2 *Collier on Bankruptcy* ¶ 327.02, 327–9— 327–15 (15th ed. 1993). The genesis of this admittedly Draconian state of affairs is the perceived need by some courts to " 'maintain control of costs' ... [and] 'ensure that assets of the estate are not wasted.' " *In re Morton Shoe Co.* 22 B.R. 449, 450–51 (Bankr.D.Mass.1982) (citations omitted).

■ While several courts have somehow found room to exercise their equitable power to authorize the employment nunc pro tunc and allow compensation, the plain language of the Code belies such a liberal construction, and we have been unable to glean from said cases an acceptable rationale. To grant relief in any other than the most extraordinary circumstances would render the above Code and Rule provisions meaningless, *see In re Arkansas Company, Inc.,* 798 F.2d 645, 649 (3d Cir.1986), and for practical purposes we feel bound by an essentially absolute rule denying compensation to professionals who perform services without prior court approval.

■ In the instant case, the Applicant appears before this Court often and regularly, is completely familiar with bankrupt-

**20**

cy procedure, has filed nunc pro tunc applications for compensation previously, and he states candidly that his failure to obtain prior Court approval for employment was an "oversight."[1] There could hardly be a clearer example of a situation where the Court is totally without authority or discretion to grant the relief requested. Accordingly, the Trustee's application to employ counsel nunc pro tunc, and for compensation, must be and is DENIED.

Enter Judgment consistent with this opinion.

---

**1.** In dealing with this dilemma in the past, and to assist well-intentioned but errant counsel and other professionals, we have unwisely experimented, inter alia, with a so-called "one time" rule, and have been clearly and statistically unsuccessful in reducing the number or frequency of nunc pro tunc applications.