**In re 321 SOUTH MAIN STREET, L.P., Debtor.**

**Bankruptcy No. 92–11576.**

United States Bankruptcy Court, D. Rhode Island.

June 17, 1993.

---

Allan M. Shine, Diane Finkle, Winograd, Shine & Zacks, P.C., Providence, RI, for debtor.

Richard Mittleman, Cameron & Mittleman, Providence, RI, for Creditors' Committee.

Edward J. Bertozzi, Edwards & Angell, Providence, RI, for Nationwide Ins. Co.

Office of the U.S. Trustee, Gary L. Donahue, Boston, MA.

## DECISION DETERMINING REASONABLENESS OF COSTS AND EXPENSES

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Heard on April 19, 1993, on the fee application of Winograd, Shine & Zacks, attorneys for the Debtor. We allowed compensation of $49,185 for services, and took under advisement the request for expenses of $6,800. The allowability and reasonableness of expenses incurred by professionals rendering services in bankruptcy is a matter we haven't recently discussed, but which of late has been increasingly requiring our attention. The disbursements at issue here provide the opportunity to address some of the more frequently recurring questions, and to provide guidance to other professionals, as follows:

1. Photocopy costs are a significant item in most applications, and we agree with Judge Hillman that "[i]t is now generally accepted that expenses of photocopying are a chargeable expense of representation of an estate. The per page cost should be noted and should reflect *the professional's actual cost*." *In re Bank of New England*, 134 B.R. 450, 456 (Bankr. E.D.Mass.1991), *aff'd*, 142 B.R. 584 (D.Mass.1992) (emphasis added). With respect to this item, we generally find no fault with the charges billed for out of office copies, since the applicants are easily able to demonstrate their actual cost, i.e.

they attach the bill to the application. Regarding *in house* photocopying, however, it does not appear, in most cases, that the charges reflect the actual cost of such copies. Rather, based upon our examination of rates charged by various providers (i.e. copy centers, state law library, etc.), and in the numerous applications that come before us routinely, we find wide disparity in charges for in house copies, which suggests that in many instances the amount requested exceeds the actual cost incurred. This practice obviously is a departure from the purpose and intent of allowing reimbursement of *actual* expenses incurred, and can lead to abuse of the fee setting process. While there may be difficulty in calculating, with precision, the *actual cost* of photocopies, this is the standard generally being applied by most courts, and is the practice we will follow until further order.

Here, the Applicant charged $.25 per page for in house photocopies, for a total request of $2,876.50. Based upon our review of what other courts are currently allowing, we find that fifteen cents is more in line with the reasonable cost per page for in house photocopying, and will use this as a reasonable charge in this jurisdiction. If a higher cost is requested, it will be counsel's burden to demonstrate that his/her actual cost exceeded $.15. Accordingly, using this standard, the Applicant is allowed reimbursement of $1,725.90 for 11,-506 in house copies.

2. Next, the Applicant seeks reimbursement of $1,142 for telecopy or facsimile charges, in addition to the actual cost of long distance telephone calls accompanying such transmissions.[1] We find this request excessive and again join with Judge Hillman that " [o]utgoing telecopies should be charged at the cost of long distance telephone rates, and incoming telecopies be charged at the actual costs of paper, toner, or ink etc.' " *In re Bank of New England*, 134 B.R. at 458 (quoting *In re CF & I Fabricators of Utah*, 131 B.R. 474, 494 (Bankr.D.Utah 1991)). Based upon our review of how other courts treat this item, we rule that $.15 per page will be

allowed for telecopies, unless the applicant demonstrates a reasonable, higher actual cost. Accordingly, the Applicant's telecopy expense is allowed in the amount of $85.65, plus his long distance telephone charges.

3. Although the instant application contains only one entry for "staff overtime," in the amount of $6.39, for reference purposes we find it convenient to also discuss this item. In conformity with the holdings of numerous other courts, this expense falls within the category of "overhead" which is included in the professional's hourly rate, and therefore not compensable as a separate expense. *See In re Bank of New England*, 134 B.R. at 458. We also rule that "document preparation" and "word processing" are overhead and not allowed as a separate expense "absent the most compelling and well documented circumstances." *Id.* Accordingly, such entries in the present application are disallowed.

4. Finally, as to the items of express or overnight mail, and messenger or delivery services, the Applicant seeks reimbursement of $176.25. The use of, and the reimbursement for such items should be limited to emergency or special circumstances, where less expensive means of communication are not reasonably available, and it is the Applicant's burden to demonstrate that such circumstances exist(ed). Here, the Applicant has not done so and this item is DENIED, but without prejudice to the right of the Applicant to supplement the record, if warranted, within 10 days.

In accordance with the foregoing rulings, expenses of $4,439.83 are approved and ALLOWED as reimbursement of expenses to Winograd, Shine & Zacks, attorneys for the Debtor.

Enter Judgment consistent with this opinion.

---

**1.** Applicant states that his firm charges $2 per page for facsimile transmissions in addition to

the cost of the telephone call.