### In re SHAWOMET HOLDING ASSOCIATES, Debtor.

**Bankruptcy No. 92–11931.**

United States Bankruptcy Court, D. Rhode Island.

Dec. 3, 1993.

Deena F. Christelis, Cuzzone, Geremia & Civittolo, Providence, RI, for Trustee.

Russell Raskin, Raskin & Berman, Providence, RI, for debtor.

John Ennis, Cranston, RI, for Warburton Agency.

### ORDER DENYING APPLICATION TO EMPLOY NUNC PRO TUNC

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Before the Court is the Application of the Chapter 7 Trustee, Louis Geremia, Esq., to Employ and Compensate the Warburton Agency, Nunc Pro Tunc to December 1, 1992, for appraisal services. The basis for the nunc pro tunc nature of the application is that "the debtor never properly hired the Warburton Agency as appraiser for the estate." It was in preparing to compensate the Warburton Agency, that the Trustee first became aware of this omission, and he now asks the theoretical question whether "this is the proper result in this case and to also consider the ramifications placed on Trustees' management of cases when debtors improperly engage professionals who render services to the estate but cannot be paid for their services."

Although we agree that this is not a desirable or popular result in this case, we are unable to locate any statutory authority to grant the relief requested. *See In re Luchka,* 152 B.R. 18 (Bankr.D.R.I.1993). In *Luchka,* we discussed in detail the authorities governing the ongoing nunc pro tunc dilemma and, in the end, concluded that "for practical purposes we feel bound by an essentially absolute rule denying compensation to professionals who perform services without prior court approval." Since *Luchka,* we have not been presented with a factual situation which would place it out of the scope of "essentially absolute" rule.

*In re Luchka,* 152 B.R. 18, involved an experienced bankruptcy attorney's failure to

obtain authorization for his own employment. In that circumstance, it is somewhat easier to place the responsibility for such noncompliance on counsel, who is charged with knowledge of and familiarity with the applicable law and rules. In the instant case, however, the applicant is not the attorney for the Debtor, but is an appraiser hired by Debtor's counsel and, more likely than not, is totally unaware of the requirement that his employment be authorized by the Court prior to rendering services to the estate. We agree with the Trustee that to be denied compensation in this circumstance is a most unfortunate outcome for a non-attorney professional who, in good faith, probably relied upon counsel to protect his interest. However, the Trustee has advanced no legal authority which would invest this Court with discretion to rule other than we did in *In re Luchka*, and we are not aware of any. Whether the applicant has a claim or right of action against Debtor's counsel or the Trustee is not a bankruptcy issue, and is definitely not before us today.

In any event, for the above reasons, we reluctantly but inescapably must conclude that the Application to retain and compensate the Warburton Agency as Appraiser, nunc pro tunc, is DENIED.

Enter Judgment consistent with this opinion.