**In re Jerald BERMAN, d/b/a, Debtor.**

**Bankruptcy No. 92–22859–WCH.**

United States Bankruptcy Court,
D. Massachusetts,
Eastern Division.

May 20, 1994.

Jason Rosenberg, N. Andover, MA, for debtor.

## DECISION ON MOTION AUTHORIZING DEBTOR TO EMPLOY COUNSEL, NUNC PRO TUNC

WILLIAM C. HILLMAN, Bankruptcy Judge.

Debtor filed this case under Chapter 11 on December 23, 1992. He paid a retainer of $7,500.00 to Jason Rosenberg, Esq. ("Rosenberg") in connection with legal services in that regard.

Rosenberg did not seek permission to be employed as required by 11 U.S.C. § 327 and Local Rule 31 until May 18, 1994. He asks that he be retained nunc pro tunc, I assume to the date of filing although his motion is silent in that regard.

As grounds for relief from the accepted rule that employment must be authorized in advance, Rosenberg advances two arguments. First, that the United States Trustee has given his assent to this motion. Second, that the failure to file constitutes "excusable neglect" under the standard of *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership,* — U.S. ——, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). Both arguments are specious.

■ Authority to appoint is in the Court pursuant to 11 U.S.C. § 327(a). The affirmative opinion of the United States Trustee does not create an independent basis for action.

■ *Pioneer* involves a construction of Fed.R.Bankr.P. 9006(b)(1) and the concept of excusable neglect in the context of that rule, which deals with acts "required or allowed to be done at or within a specified period of time." Section 327 does not set a time period for the filing of applications to employ; Rule 9006 and *Pioneer* are inapposite.

The issue of nunc pro tunc employment has been discussed extensively by Judge Votolato, particularly in *In re Luchka,* 152 B.R. 18 (Bankr.D.R.I.1993), and his review of the authorities need not be repeated here. I fully support his conclusion:

> "While several courts have somehow found room to exercise their equitable powers to authorize the employment nunc pro tunc and allow compensation, the plain language of the Code belies such a liberal construction, and we have been unable to glean from the cases an acceptable rationale. To grant relief in any other than the most extraordinary circumstances would render [§ 327(a) and Fed.R.Bankr.P. 2014(a)] meaningless, and for practical purposes we feel bound by an essentially absolute rule denying compensation to professionals who perform services without prior court approval."

*Id.* at 19 (citation omitted).

The motion is granted effective only as of its date of filing.