In re Carl MEYERS d/b/a C.R.M.E. Construction, and Elaine Meyers, Debtors.

Bankruptcy No. 92–11132.

United States Bankruptcy Court, D. Rhode Island.

March 8, 1994.

Order on Reconsideration May 26, 1994.

Russell D. Raskin, Raskin & Berman, Providence, RI, for debtors.

Justin T. Shay, Cameron & Mittleman, Providence, RI, for Rhode Island Depositors Economic Protection Corp.

Arnold Blasbalg, Chapter 7 Trustee, Providence, RI.

Office of the United States Trustee, Sheryl Serreze, Providence, RI.

### DECISION AND ORDER

ARTHUR N. VOTOLATO, Bankruptcy Judge.

Heard on October 21, 1993, on the application of Russell Raskin, Esq., for fees in the amount of $8,999, and expenses of $729 as attorney for the Debtors while this case was in Chapter 11. The United States Trustee objects to the application in toto, requests disgorgement of all fees paid, and asks the Court to impose sanctions under Fed. R.Bankr.P. 9011. As grounds, the United States Trustee alleges that: (1) no application for employment as Debtors' attorney has been filed or approved; and (2) Mr. Raskin has failed to adequately disclose his fee arrangement in the Bankr.R. 2016(b) Statement of Attorney Compensation, or any amendments thereto.

1. The case was converted because the Debtors had been in Chapter 11 for more than a year without filing a plan or disclosure statement; they did not file monthly reports or pay quarterly fees to the United States Trustee; and post-petition taxes were not being paid. Also, the Debtors failed to open a debtor-in-possession account or maintain adequate insurance on the assets of the Estate. This record indicates a misuse of Chapter 11 by the Debtors, and gross inattention, at best, by their attorney.

### BACKGROUND

The Debtors filed a voluntary Chapter 11 petition on April 14, 1992, and thirteen months later on July 7, 1993, for the reasons alleged in his motion, we granted the United States Trustee's request to convert the case to one under Chapter 7.[1] Mr. Raskin included a Rule 2016(b) Statement of Attorney Compensation with the original schedules, but failed to file an application to employ himself as Debtors' counsel in this case until October 25, 1993, subsequent to the hearing, and fifteen months after the case had been commenced. An amended Rule 2016(b) Statement was later filed on August 10, 1993, which was essentially identical to the one filed in April, 1992. Both statements disclose that the Applicant received "$8500.00 plus $120.00 for the filing fee [and] $30.00 cost dollars."[2] At the October 21, 1993 hearing, Mr. Raskin again amended his Rule 2016(b) Statement to read, "For legal services, I have agreed to accept $8500.00. Prior to the filing of this statement I have received $4,000.00. Balance Due $4,500." Mr. Raskin's fee application, filed on July 8, 1993, states, however, that: "applicant has received fees totaling $7,100.00, plus $600.00 representing filing fees and $400.00 in advance for miscellaneous costs."

■ In addition to the continued erosion of the Applicant's credibility by these confusing discrepancies, inconsistencies, and recurring examples of disclosure gamesmanship which make it impossible to determine what Mr. Raskin's compensation really is,[3] we conclude that compensation must be denied for the simple, and too often cited reason that he failed to file a timely application to be employed. The issue of nunc pro tunc employment of professionals in bankruptcy has been addressed in this District repeatedly, and most recently in *In re Luchka*, 152 B.R. 18

2. This amount is obviously incorrect, as the filing fee for a Chapter 11 petition in April 1992 was $600.

3. We have seen other cases involving Mr. Raskin's fee applications with similar disclosure problems, omissions, and inconsistencies. Most recently, *see In re Shartzer*, B.K. No. 93–10854 (Bankr.D.R.I. March 8, 1994).

(Bankr.D.R.I.1993), later codified in Local Bankr.R. 25, which provides in relevant part:

> *Absent extraordinary circumstances,* nunc pro tunc Applications for appointment of professional persons pursuant to Section 327 and 1103 of the Bankruptcy Code, and Bankruptcy Rule 2014, will not be considered. An application is considered timely if it is filed within thirty (30) days of the date of the filing of the petition in bankruptcy or the date the professional commences rendering service, whichever occurs later.

Local Rule 25(A)(1) (emphasis added). Mr. Raskin represents that he prepared the application to be employed, together with appropriate affidavits, but "due to a clerical error in his office the application was placed into the client folder instead of being filed with the Court." [4] For future reference, the Applicant and others inclined to argue similarly are advised that this excuse does not even begin to approach the extraordinary circumstance level enunciated in *Luchka* and codified in Local Bankr.R. 25(A)(1).

■ Mr. Raskin also argues that this case is distinguishable from the situation where the professional does not even attempt to comply with the Code and/or Rules, whereas his own failed but good faith "attempted compliance" should permit the approval of his nunc pro tunc employment. We must disagree, on the ground that pure oversight is insufficient to meet the extraordinary circumstance standard by which this and other Courts are governed. What counsel has shown instead, is a continued and familiar pattern of disregard for Fed.R.Bankr.P. 2016(b) and Local Bankr.R. 25(A)(1).

In *Luchka,* while discussing the requirements for filing applications to be employed under 11 U.S.C. § 327(a) and Fed.R.Bankr.P. 2014(a), we stated:

[w]hile several courts have somehow found room to exercise their equitable power to authorize the employment nunc pro tunc and allow compensation, the plain language of the Code belies such a liberal construction, and we have been unable to glean from said cases an acceptable rationale. To grant relief in any other than the most *extraordinary circumstances* would render the above Code and Rule provisions meaningless, *see In re Arkansas Company, Inc.,* 798 F.2d 645, 649 (3d Cir.1986), and for practical purposes we feel bound by an essentially absolute rule denying compensation to professionals who perform services without prior court approval.

152 B.R. at 19 (emphasis added).[5] Mr. Raskin has been appearing before this Court for many years and, as one of the busiest bankruptcy lawyers in the District he may not assert lack of familiarity with bankruptcy procedure. For these reasons, both the request for nunc pro tunc employment and allowance of compensation must be, and are DENIED.

■ In addition, the United States Trustee requests Rule 9011 sanctions for the omissions and errors contained in Mr. Raskin's Rule 2016(b) statement and fee application. These documents, which were filed within a six week period, contain misleading and confusing information as to the amount of the retainer received, and the Trustee contends that such discrepancies constitute a prima facie violation of Bankruptcy Rule 9011, which provides:

> Every petition, pleading, motion and other paper served or filed in a case under the Code on behalf of a party represented by an attorney, except a list, schedule, or statement, or amendments thereto, shall be signed by at least one attorney of record in the attorney's individual name, whose office address and telephone num-

---

**4.** While we have not kept a scorecard on the subject, the number of prior occasions on which Mr. Raskin has blamed his secretary for notice, calendar, and filing problems is *substantial.*

**5.** Mr. Raskin filed a last minute memorandum asking that we reverse *Luchka* and "follow the rule of other districts that permit employment and compensation on a nunc pro tunc basis in exceptional circumstances." We are perplexed

by this argument because that is precisely the rule in this District. *See* Local Rule 25(A)(1). The fact remains, however, that counsel has not shown any extraordinary circumstance for his failure to timely file an application to be employed, and his alternate argument, i.e. the use of a lesser standard, is rejected as contrary to the prevailing law on this issue.

ber shall be stated.... The signature of an attorney or a party constitutes a certificate that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass, or to cause unnecessary delay, or needless increase in the cost of litigation or administration of the case.

Fed.R.Bankr.P. 9011(a).[6] We understand that Rule 9011 of the Federal Rules of Bankruptcy Procedure imposes an affirmative duty on counsel to review every pleading or paper served or filed in a case under the Code. *See* Fed.R.Bankr.P. 9011(a). The Applicant has violated this rule in this, and in other cases, most recently in *In re Schartzer*, BK No. 10854 (Bankr.D.R.I. March 8, 1994).

Accordingly, for the foregoing reasons, the United States Trustee's motion is GRANTED and all compensation is denied in this case. Having in mind, however, the harsh consequences of denying all compensation, further monetary sanctions under Rule 9011 will not be imposed in this instance. Notwithstanding the above, we will allow out-of-pocket expenses of $52.12, and $600 as reimbursement of the filing fee. All claimed expenses for messenger services and faxes are disallowed, because of the Applicant's failure to comply with the requirements set forth in *In re 321 South Main Street, L.P.*, 155 B.R. 41 (Bankr.D.R.I.1993).

Finally, Mr. Raskin is ORDERED to disgorge all other monies received in this case to the Chapter 7 Trustee, who is authorized to administer said funds as an asset of the Estate.

Enter Judgment consistent with this opinion.

**6.** While the rule excludes "a list, schedule, or statement," we find that a Rule 2016(b) statement and attorney fee application are exactly the

### ORDER ON RECONSIDERATION

The above matter came on to be heard on the Motion of Raskin & Berman for Reconsideration of the Court's Order of March 8, 1994.

After hearing thereon, it is hereby ordered:

1) The Motion of Raskin & Berman for Reconsideration is hereby granted.

2) That the Court's Decision of March 8, 1994, is modified as follows:

a) The sum of Four Thousand Five Hundred ($4,500) Dollars, representing sums paid to the movant by parties other than the debtors, shall be returnable to said third party source, and not to the debtors' Chapter 7 Trustee.

kinds of documents that are subject to the requirement of Rule 9011.