**In re Donald and Joyce JARVIS, Debtors.**

**Bankruptcy No. 92–12534.**

United States Bankruptcy Court,
D. Rhode Island.

June 30, 1994.

kinds of documents that are subject to the requirement of Rule 9011.

Andrew S. Richardson, Chapter 11 Trustee, Boyajian, Harrington & Richardson, Providence, RI.

Office of the U.S. Trustee, Sheryl Serreze, Providence, RI.

Thomas W. Kelly, Newport, RI, for debtors.

### ORDER

ARTHUR N. VOTOLATO, Bankruptcy Judge.

Before the Court are the Chapter 11 Trustee's *nunc pro tunc* application to employ Peter Scotti and the firm Scotti & Associates ("Scotti") as Real Estate Broker, and his application for leave to pay Scotti a broker's commission. For the reasons discussed herein, and based upon the authorities referenced and quoted at length below, both applications are denied.

### BACKGROUND AND DISCUSSION

On February 17, 1993, Andrew Richardson, Esq., was appointed Trustee in this Chapter 11 case, and on April 1, 1993, he entered into a real estate listing agreement with Scotti. Mr. Richardson neglected, however, to comply with 11 U.S.C. § 327(a) which requires the filing and approval of an application for employment of a professional, prior to the professional rendering services to the estate. By application dated February 15, 1994, (eleven months later, and after the completion of the services in question) the Trustee now seeks to employ Mr. Scotti, and requests that we approve the application to pay a broker's commission of $13,500. It is undisputed that Mr. Scotti's efforts resulted in the sale of the Debtor's real estate for $275,000; there is no suggestion of culpability on the part of anyone involved in this case, and time pressures have not been raised as an issue. It is conceded that the failure to timely file an application for employment was an oversight.

Most courts that have written on this subject have taken a stand against retroactively approving the employment of professional persons and allowing payment of fees, *absent extraordinary circumstances*. *In re Luchka*, 152 B.R. 18 (Bankr.D.R.I.1993); R.I. Local Bankruptcy Rule 25; *F/S Airlease II, Inc. v. Simon (In re F/S Airlease II, Inc.)*, 844 F.2d 99 (3d Cir.) *cert. denied*, 488 U.S. 852, 109 S.Ct. 137, 102 L.Ed.2d 110 (1988); *In re Arkansas Co.*, 798 F.2d 645 (3d Cir.1986); *In re Triangle Chemicals, Inc.*, 697 F.2d 1280 (5th Cir.1983); *In re Berman*, 167 B.R. 323 (Bankr.D.Mass.1994).

Nevertheless, the Trustee asks us to reconsider our holding in *Luchka* and to adopt a more forgiving approach that does not penalize professionals whose services confer a substantial benefit on the estate, but who merely forget to file an application to be employed. We agonize over this issue every time it is raised, aware that some courts faced with the problem have held that "[t]he bankruptcy court is governed by equitable principles and need not read statutory language woodenly." *In re Cormier*, 35 B.R. 424, 425 (D.Me.1983) (citing *Bank of Marin v. England*, 385 U.S. 99, 87 S.Ct. 274, 17 L.Ed.2d 197 (1966)); *In re Webster*, 132 B.R. 204 (D.Me.1991); *In re Wallingford Fruit House, Inc.*, 35 B.R. 426 (D.Me.1983). While it would certainly be more painless to follow the Maine standard in the hard cases, we feel that "the plain language of the Code belies such a liberal construction, and we have been unable to glean from said cases an acceptable rationale." *Luchka*, 152 B.R. at 19. Upon careful consideration of the relevant cases, we agree with and adopt the reasoning of the Third Circuit Court of Appeals in *F/S Airlease*:

> Our analysis of whether the bankruptcy court, as affirmed by the district court, properly approved Simon's appointment under section 327(a) (footnote omitted) *nunc pro tunc* is informed in large measure by our recent decision in *In re Arkansas*, 798 F.2d 645 (3d Cir.1986), handed

down after the bankruptcy court's decision in this case. In *Arkansas*, we held that 'bankruptcy courts may, *in extraordinary circumstances,* grant retroactive approval of professional employment.' *Id.* at 646 (emphasis added). We adopted a two-part test to determine the propriety of such retroactive approval: first, the bankruptcy court must find, after a hearing, that the applicant satisfies the disinterestedness requirements of section 327(a) and would therefore have been appointed initially; and, second, the court must, in the exercise of its discretion, determine that the particular circumstances presented are so extraordinary as to warrant retroactive approval. *Id.* at 650.

To guide the bankruptcy court in the exercise of its discretion regarding the existence of "extraordinary circumstances", we direct it to consider such factors as:

> whether the applicant or some other person bore responsibility for applying for approval; whether the applicant was under time pressure to begin service without approval; the amount of delay after the applicant learned that initial approval had not been granted; the extent to which compensation to the applicant will prejudice innocent third parties; and other relevant factors. *Id.*

Applying these factors in *Arkansas*, we upheld the district court's decision that no extraordinary circumstances justified the retroactive approval of attorneys for a creditors committee, where the attorneys were experienced in bankruptcy practice and had alleged no time pressure that would justify their failure to apply for approval, but simply, through oversight, had neglected to do so. *Id.* at 650–51.

*F/S Airlease,* 844 F.2d at 105–06 (citing *In re Arkansas,* 798 F.2d 645 (3d Cir.1986)).

Similarly, in the instant case, Mr. Richardson regularly appears before this Court and is thoroughly familiar with bankruptcy procedure.[1] He and his law firm, Boyajian, Harrington & Richardson, have previously filed *nunc pro tunc* applications for compensation

with this Court on facts very similar to those at bench. *See In re Luchka,* 152 B.R. at 18–19. A lexicologist is not required to assist in the determination that plain oversight does "not even begin to approach the *extraordinary circumstances* level enunciated in *Luchka* and codified in Local Bankr.R. 25(A)(1)." *In re Meyers,* 169 B.R. 273, 275 (Bankr.D.R.I.1994) (emphasis added).

Regarding benefit, hardship, unjust enrichment, etc., *F/S Airlease* goes on to say:

> '[T]he prophylactic statutory rule that approval must be sought in advance of performance of services is too strong to be overcome by a mere showing of oversight.' *Id.* at 651.

> .     .     .     .     .

In most cases in which *nunc pro tunc* approval has been sought, the applicant has performed services of value. To this extent, there will be some unjust enrichment if compensation is not authorized. Because that is the unavoidable consequence of the statutory requirement of prior approval, we agree with the statement by the court in *In re Mason,* 66 B.R. 297, 307 (Bankr.D.N.J.1986), that the 'fact that the applicant's services were beneficial to the debtor's estate is immaterial to this court's decision regarding *nunc pro tunc* approval.'

> .     .     .     .     .

We are mindful that the result may seem harsh in this case. In *Arkansas,* we explained our formulation of the 'extraordinary circumstances' standard by reference to the legislative history and the important policies at stake. We noted that without such a standard, 'the bankruptcy court may be overly inclined to grant such approval influenced by claims of hardship due to work already performed.' 798 F.2d at 649. We stated that, '[i]f retroactive approval were freely granted, it would subvert the prophylactic purpose underlying the statutory requirement of prior approval.' *Id.* Our holding in this case reiter-

---

[1] We have seen cases where neither the attorney nor the professional seeking compensation were familiar with or well versed in bankruptcy prac-

tice. Both Mr. Richardson and Mr. Scotti are very familiar faces in this Court.

ates and reinforces that bright-line position.

*F/S Airlease,* 844 F.2d at 108–09 (quoting *In re Mason,* 66 B.R. 297, 307 (Bankr.D.N.J. 1986)).

*F/S Airlease* discusses the issues more articulately than we could, and addresses this difficult problem in what we see as the correct way, given the statutory mandates. Accordingly, we must adhere to our decision in *Luchka,* until instructed to do otherwise.

This scenario continues to plague both the Court and especially the professionals who fail (pronounced, "forget") to file timely applications to be employed. Out of concern for the obvious hardship resulting from these habitual lapses, we have experimented with various ways to reduce the bloodshed—from allowing one, or even several "free defaults," to placing poster sized notices right in the courtroom reminding professionals to timely file their applications for employment,[2] but all to no avail—the *nunc pro tunc* applications keep coming in. After having to revisit this issue so many times, we are still satisfied that the law is as enunciated in *F/S Airlease,* 844 F.2d 99. Because we continue to regard the arguments and complaints of errant professionals as repetitive but unpersuasive, we would appreciate the guidance of the Rhode Island District Court on this issue, especially if the standard should be different from the one we have been using. We therefore invite and urge the Applicant to request a determination by the District Court as to whether relief is authorized and/or appropriate in this case, and in others like it. We consider this Order to be final and therefore appealable. *See F/S Airlease,* 844 F.2d at 104.

Enter Judgment consistent with this opinion.

---

**2.** The "posters" are not part of the record, but Mr. Richardson will certainly recall their presence.