## In re CORPORACION DE SERVICIOS MEDICO–HOSPITALARIOS DE FAJARDO, INC., Debtor.

### Bankruptcy No. 85–00553.

United States Bankruptcy Court, D. Puerto Rico.

Jan. 19, 1996.

Richard A. Lee, San Juan, PR, for Chapter 7 Trustee.

Gino Negretti Lavergne, Miramar, PR, for Lopez Alejandro & Co.

Ramona A. Elliott, Acting Asst. U.S. Trustee, Hato Rey, PR.

### *ORDER AWARDING INTERIM COMPENSATION*

ARTHUR N. VOTOLATO, Bankruptcy Judge.*

Before the Court is the Application of Richard A. Lee, Esq., attorney for Trustee, for interim compensation in the amount of $11,985.50 for services rendered during the period March 1, 1995 through August 31, 1995, and for reimbursement of expenses of $634.24. Upon consideration of the Application and the Objection filed by the United States Trustee,[1] it is ORDERED that:

(1) The request for 3.9 hours at the rate of $160 per hour for converting time entries from .25 hour to .10 hour increments is DENIED. The Applicant is aware that this Court follows the standard practice of requiring billing in .10 hour increments, *see In re Corporacion de Servicios Medico–Hos-*

---

* Of the District of Rhode Island, sitting by designation.

1. Lopez Alejandro & Co. also filed an objection to the application, but the reasons contained therein are not persuasive, nor do they form any of the basis for this ruling.

*pitalarios de Fajardo, Inc.*, 155 B.R. 1 (Bankr.D.P.R.1993).[2] In the circumstances, the estate should not be required to bear this expense, which is excessive in any event. Accordingly, compensation is ALLOWED in the amount of $11,361.50;

■ (2) With regard to the request for reimbursement of expenses, the Applicant charges $.25 per page for photocopying, and $.50 per page for facsimiles, with a $2 minimum for incoming or outgoing transmissions. These charges are not in compliance with the standards announced in *In re Bank of New England Corp.*, 134 B.R. 450 (Bankr.D.Mass. 1991), *aff'd*, 142 B.R. 584 (D.Mass.1992), and which are followed routinely in the First Circuit. *In re Almacs, Inc.*, 178 B.R. 598 (Bankr.D.R.I.1995).

In support of his facsimile charges the Applicant has provided Exhibit D to the Fee Application, wherein he includes the cost of the equipment (depreciated over 48 months), maintenance, toner, paper, local phone service, and an "operator" at $11.50 per hour, and arrives at a per page cost. We follow the cases holding that "[o]utgoing telecopies should be charged at the cost of long distance telephone rates [period], and incoming telecopies charged at the *actual costs* of paper, toner, or ink, etc." *In re CF & I Fabricators, Inc.*, 131 B.R. 474, 494 (Bankr. D.Utah 1991) (emphasis added); *see also Bank of New England*, 134 B.R. at 458; *In re 321 South Main Street, L.P.*, 155 B.R. 41, 43 (Bankr.D.R.I.1993). The remaining expenses listed by the Applicant in Exhibit D constitute overhead, which are already included in the professional's hourly rate. *See Almacs*, 178 B.R. at 606. Accordingly, the request for facsimile expenses is reduced by 75%. Finally, charges for photocopies are reduced to $.20 per page to conform to the still current standard in *Almacs*. *See Id.* at 607. For the foregoing reasons, the expense request of $634.24 is ALLOWED in the amount of $485.50.

---

2. Mr. Lee sought immediate review of that ruling, but the District Court dismissed the appeal, as interlocutory. *See In re Corporacion de Servicios Medico–Hospitalarios de Fajardo*, No. 93–1937CCC (D.P.R. Nov. 28, 1994).