OPINION OF THE COURT
SLOVITER, Circuit Judge.
I.

Introduction

This case raises two issues. First, does the bankruptcy court have the power to grant retroactive approval of the employment of an attorney by a creditors committee in Chapter 11 bankruptcy proceedings? Second, if such power exists, what standard should govern the grant of retroactive approval? We hold that bankruptcy courts may, in extraordinary circumstances, grant retroactive approval of professional employment. We also hold, however, that in this case no extraordinary circumstances were alleged to justify retroactive approval.
II.

Facts

Arkansas Company, Inc. filed a petition for reorganization pursuant to Chapter 11 of the Bankruptcy Code. At the first meeting of the Unsecured Creditors Committee on November 28, 1983, the Committee recommended the employment of Benenson & Scher as the Committee’s counsel.
Through Benenson & Scher’s own oversight, it apparently failed to obtain the return of an affidavit certifying its retention which it had mailed to the Committee chairman, and it failed to file an application for court approval of its employment as Committee counsel. Benenson & Scher rendered legal services to the Creditors Committee for thirteen months before discovering in January 1985 that it had failed to obtain the requisite court approval. It then promptly prepared and submitted to the court an application for approval of its employment as counsel. On January 28, 1985, Benenson & Scher’s employment by the Committee from that date forward was approved by the bankruptcy court.
Benenson & Scher subsequently moved the bankruptcy court to approve retroactively its employment from November 28, 1983. In his affidavit Elliot Scher attributed his firm’s failure to file the affidavit of the chairman of the creditors committee selecting Scher’s firm as counsel only to “inadvertance.” App. at 8. The bankruptcy court denied the motion in an order without opinion. However, during the hearing on the motion, the bankruptcy court asserted its belief that under the Bankruptcy Code and this court’s decision in In re Hydrocarbon Chemicals, Inc., 411 F.2d 203 (3d Cir.) (in banc), cert. denied, 396 U.S. 823, 90 S.Ct. 66, 76, 24 L.Ed.2d 74 (1969), it was without power to grant retroactive approval of professional employment. It also expressed its disapproval of the excuse given by Benenson & Scher for its failure to obtain prior court approval.
Benenson & Scher appealed to the district court. That court stated that, although this circuit had never actually recognized the power of bankruptcy courts to exercise their discretion to grant retroactive approval, it found persuasive the decision in In re Triangle Chemicals, Inc., 697 F.2d 1280 (5th Cir.1983), that there was such discretion in rare or exceptional circumstances. The district court then considered whether retroactive approval should have been granted in this case. The district court construed the bankruptcy judge’s comments at the hearing as suggesting that even if he had had the power to grant authorization nunc pro tunc, he would not have done so if the only reason given was “I forgot.” The district court stated that bankruptcy court control over attorneys practicing before it, and over the expenditure of assets to employ those at *647 torneys, would be significantly reduced were counsel’s own oversight allowed to justify failure to obtain prior approval. The court therefore affirmed the denial of retroactive approval, suggesting that such approvals “be limited to cases in which the party seeking approval shows that it would otherwise be subject to an extraordinary hardship not of its own making.” In re Arkansas Co., Inc., 55 B.R. 384, 386 (D.N.J.1985). Benenson & Scher appeals.
III.

Discussion

The Bankruptcy Code provides that “with the court’s approval, [a creditors] committee may select and authorize the employment by such committee of one or more attorneys.” 11 U.S.C. § 1103(a) (emphasis added). The United States Trustee, appearing here as the appellee, concurs with the appellant that the language of the statute does not preclude the bankruptcy court from exercising its equitable powers to grant an order authorizing retention of counsel for the creditors committee nunc pro tunc in an appropriate case. Nonetheless, we must decide if that proposition of law is correct.
In the case relied on by the district court, In re Triangle Chemicals, Inc., 697 F.2d 1280, 1284 (5th Cir.1983), the court held that the bankruptcy court is not compelled by a per se rule to deny retroactive approval of employment of counsel by a debtor in possession. Although the court construed the Bankruptcy Code and the applicable rules of bankruptcy procedure to require the debtor in possession to obtain approval of the bankruptcy court before employing an attorney, the court held that they “do not in terms or necessary implication prohibit the court in its discretion from granting its approval, nunc pro tunc, at a date subsequent to the employment and after the services are rendered, providing that the required showing is made ... warranting the approval.” Id. at 1284 (emphasis omitted). See also In re Cormier, 35 B.R. 424, 425 (D.Me.1983); In re Twinton Properties Partnership, 27 B.R. 817, 819 (Bankr.M.D.Tenn.1983).
The bankruptcy court in this case believed that this court’s decision in In re Hydrocarbon Chemicals, Inc., 411 F.2d 203 (3d Cir.) (in banc), cert. denied, 396 U.S. 823, 90 S.Ct. 66, 76, 24 L.Ed.2d 74 (1969), precluded it from exercising discretion to give retroactive approval. It is true that in Hydrocarbon we affirmed denial of a counsel fee and we pointed out that counsel had failed to seek prior approval of the court. However, our holding denying counsel fee was based on the absence of any provision in the Bankruptcy Act authorizing employment of the petitioning counsel, who had been retained by counsel for the debtor. We stated explicitly, “there is no provision in the Bankruptcy Act for paying more than one fee to counsel for the debtor, nor is there any provision in the Act for employment of other counsel for the counsel for the debtor.” Id. at 205. Moreover, the debtor was out of possession, and the receiver who was managing the property had already appointed two law firms as well as an accountant to perform any necessary services for the estate. Thus, we stated, “there was no necessity whatsoever for counsel for the debtor employing counsel without the approval of the court.” Id. It follows that even timely approval would have been denied. Understandably, in the later discussion of the failure to seek approval, the court did not discuss the possibility of a nunc pro tunc order, since it would have been fruitless.
It is evident, therefore, as the Triangle Chemicals court noted, that even though Hydrocarbon is sometimes cited among cases indicating an inflexible per se rule precluding compensation in the absence of prior court approval, in fact it is one of those cases where some reason other than the failure to obtain prior approval controlled the disallowance of payment of attorney’s fees. See Triangle Chemicals, 697 F.2d at 1285-86.
The seemingly broad language of Hydrocarbon was further interpreted in our later opinion in In re Designaire Modular Home *648 Corp., 517 F.2d 1015 (3d Cir.1975). By then the relevant Bankruptcy Rule had been revised, and we held that the new Rule did not preclude award of a fee out of the bankrupt’s estate to an attorney representing a debtor out of possession who had not obtained prior court approval if the attorney had performed services useful to the estate which did not duplicate the services of the receiver or his attorney. We described the majority opinion in Hydrocarbon as “somewhat ambiguous”, but remarked that the holding that an attorney for a corporate debtor has no general authority to retain co-counsel is “unexceptional.” Id. at 1019. In discussing the need to obtain prior approval for appointment of counsel, we contrasted an attorney for the receiver or debtor in possession who has a fiduciary obligation toward the creditors and who therefore needs the prior approval of the bankruptcy court with the attorney for the debtor out of possession whose obligation is only to the debtor. Id. at 1018-19. Once again, we did not discuss the possibility of a nunc pro tunc order, since we held no prior approval was needed.[1]
It is therefore an open question in this court whether the bankruptcy court has the power to grant retroactive approval of the employment of an attorney in Chapter 11 proceedings. Some of the bankruptcy courts in this circuit have postulated such power and have acted accordingly. See In re Freehold Music Center, Inc., 49 B.R. 293 (Bankr.D.N.J.1985); In re Bible Deliverance Evangelistic Church, 39 B.R. 768, 771-72 (Bankr.E.D.Pa.1984). Contra In re Whitmere Development Corp., — B.R. — No. 82-05797 (Bankr.D.N.J. July 23, 1986); In re Lewis, 30 B.R. 404 (Bankr.E. D.Pa.1983). We now express our agreement with those circuits that hold that the bankruptcy courts have the power to authorize retroactive employment of counsel and other professionals under their broad equity power. See In re Triangle Chemicals, Inc., 697 F.2d 1280 (5th Cir.1983); In re Laurent Watch Co., Inc., 539 F.2d 1231 (9th Cir.1976) (per curiam); Stolkin v. Nachman, 472 F.2d 222 (7th Cir.1973). The bankruptcy courts have traditionally been governed by equitable principles rather than statutory technicalities. Bank of Marin v. England, 385 U.S. 99, 103, 87 S.Ct. 274, 277, 17 L.Ed.2d 197 (1966). Where equitable concerns weigh in favor of granting retroactive approval to enable deserving professionals to recover compensation for work actually done, we see nothing in the statute that denies the bankruptcy court the power to grant such retroactive approval.
It does not follow that such retroactive approval should be forthcoming merely because the court would have given approval if timely requested. Such a lenient rule would subvert Congress’ purpose in imposing a prior approval requirement. We have previously characterized the requirement of prior approval of employment as a means of ensuring “that the court may know the type of individual who is engaged in the proceeding, their integrity, their experience in connection with work of this type, as well as their competency concerning the same.” Hydrocarbon, 411 F.2d at 205.
It has been suggested that these concerns can be amply attended to by the bankruptcy court’s after-the-fact control over compensation, see In re Bill & Paul’s Sporthaus, Inc., 31 B.R. 345 (Bankr.W.D. Mich.1983); In re King Electric Co., 19 B.R. 660, 663 (E.D.Va.1982), and the bankruptcy court's knowledge, through observation, of the attorney’s presence and qualifications. See In re Laurent Watch Co., 539 F.2d 1231, 1232 (9th Cir.1976) (per cu *649 riam). We reject the notion that a complete and thorough post-application review may substitute for prior approval in most cases. This approach would render meaningless the structure of the Bankruptcy Code and Rules which contain provisions requiring both prior approval of employment and after the fact approval of compensation. 11 U.S.C. §§ 327(a), 1103(a), 330; Bankruptcy Rules 2014(a), 2016, 2017.
It is significant that Congress chose to place the requirement of court approval for the employment of an attorney, accountant, or other professional by the creditors committee directly in the Bankruptcy Code in 1978. 11 U.S.C. § 1103(a). The legislative history makes clear that the 1978 Code was designed to eliminate the abuses and detrimental practices that had been found to prevail. Among such practices was the cronyism of the “bankruptcy ring” and attorney control of bankruptcy cases. In fact, the House Report noted that “[i]n practice ... the bankruptcy system operates more for the benefit of attorneys than for the benefit of creditors.” H.R. No. 595, 95th Cong., 2d Sess. 92, reprinted in 1978 U.S. Code Cong. & Ad. News 5787, 5963, 6053.
As detailed in the House Report, the official committee of unsecured creditors whose function was (and still is) to negotiate with the debtor in possession in the formulation of a plan was elected by the unsecured creditors, much as the trustee was elected in a liquidation case. Although the members of the committee are not compensated, the counsel to the creditors committee is paid, and, as described by the Report, “it is a lucrative position.” “Thus,” the Report continued, “creditors’ attorneys with proxies participate actively in the election of the members of the committee in order that they may be selected as counsel to the committee.” Id. at 93, 1978 U.S. Code Cong. & Ad. News 6054. As in the case of the election of a trustee in liquidation proceedings, “those operating the system turn it to their own advantage.” Id. at 92, 1978 U.S. Code Cong. & Ad. News 6053. The Report stated further:
Frequently, an attorney that has represented a creditor in past cases will notify him of the bankruptcy of one of the creditor’s current debtors. The attorney then obtains a proxy from the creditor to vote the creditor’s interest in the case. An attorney may obtain numerous proxies in a particular case in this manner. When the trustee is to be elected, the attorney votes all of his proxies for a colleague. The colleague thus elected then hires the attorney to serve as counsel to the trustee in the case, assuring a fee for his services. The fee for counsel is usually substantially higher than the fee for the trustee, because it is not limited to a specified percentage under the Bankruptcy Act. In a subsequent case, the colleague and the attorney will switch places.
Id. at 92, 1978 U.S. Code Cong. & Ad. News 6053-54. The Report stated that the participation of creditors’ attorneys who seek to be selected as counsel to the committee parallels counsel’s participation in a trustee election, as described above. Id. at 93, 1978 U.S. Code Cong. & Ad. News 6054.
The House Report did not expressly connect the new statutory requirement of pri- or approval of attorneys for the creditors committee with the practices criticized in that Report, but the connection is evident. Prior approval and court appointment of the creditors committee, see 11 U.S.C. § 1102(a), are just some of the procedural safeguards imposed by Congress during its overhaul of bankruptcy procedure. If retroactive approval were freely granted, it would subvert the prophylactic purpose underlying the statutory requirement of prior approval.
We thus hold that nunc pro tunc approval should be limited to cases where extraordinary circumstances are present. Otherwise the bankruptcy court may be overly inclined to grant such approval influenced by claims of hardship due to work already performed. In this respect we part company with those courts that have suggested that inadvertence or oversight of counsel may constitute excusable neglect sufficient to relieve the parties of the consequences of their iAaction. See In re *650 King Electric Co., Inc., 19 B.R. 660 (E.D. Va.1982); see also In re Triangle Chemicals, Inc., 697 F.2d at 1289. We agree instead with the approach of those courts that limit the grant of. retroactive approval to cases where prior approval would have been appropriate and the delay in seeking approval was due to hardship beyond the professional’s control. See In re Brown, 40 B.R. 728, 731 (Bankr.D.Conn.1984); In re Seatrain Lines, Inc., 15 B.R. 583, 584 (Bankr.S.D.N.Y.1981). While this may seem to be a harsh rule, a more lenient approach would reward laxity by counsel and might encourage circumvention of the statutory requirement.
To summarize, we hold that retroactive approval of appointment of a professional may be granted by the bankruptcy court in its discretion but that it should grant such approval only under extraordinary circumstances. Such circumstances do not include the mere neglect of the professional who was in a position to file a timely application. When considering an application, the bankruptcy court may grant retroactive approval only if it finds, after a hearing, that it would have granted prior approval, which entails a determination that the applicant satisfied the statutory requirements of 11 U.S.C. §§ 327(a) and 1103(a) that the applicant be disinterested and not have an adverse interest, and that the services performed were necessary under the circumstances. Thereafter, in exercising its discretion, the bankruptcy court must consider whether the particular circumstances in the case adequately excuse the failure to have sought prior approval. This will require consideration of factors such as whether the applicant or some other person bore repsonsibility for applying for approval; whether the applicant was under time pressure to begin service without approval; the amount of delay after the applicant learned that initial approval had not been granted; the extent to which compensation to the applicant will prejudice innocent third parties; and other relevant factors.
It would obviously be unrealistic to set forth the metes and bounds of the extraordinary circumstances that would warrant exercise of the bankruptcy court’s discretion, but certain examples from recent cases are illustrative. In In re Freehold Music Center, 49 B.R. 293 (Bankr.D.N.J. 1985), accountants performed work, at the request of the debtors, that was essential to the continuation of the debtors’ business after being advised by the attorneys for the debtors that an appropriate application would be prepared and submitted to the court. After finding that the error in proceeding was not that of the applicants but of another whose failure was beyond their control, the bankruptcy court reasonably authorized the accountants’ employment nunc pro tunc. Similarly, in In re Bible Deliverance Evangelistic Church, 39 B.R. 768 (Bankr.E.D.Pa.1984), counsel who was asked to represent the creditors committee was required to begin investigating the financial position of the debtor at once because the chief operating officer was already scheduled for an examination to take place in approximately two weeks. The immediate attention of counsel was required since many of the creditors believed the information given by the debtor was incorrect and that assets were being concealed. After finding that counsel acted with reasonable promptness in filing the application for employment, the court found the existence of exceptional circumstances supporting a nunc pro tunc order.
In this case, the district court found that “the equities simply do not fall in appellant’s favor.” 55 B.R. at 386. The court correctly reasoned that retroactive approval should be limited to cases where the hardship is not of counsel’s own making. Benenson & Scher is apparently a firm with experienced bankruptcy practíoners who were aware of the need to apply for prior approval. It has alleged no time pressures justifying initiation of its service before obtaining approval; in fact, as Benenson & Scher concedes, the only excuse for its failure to apply for approval was its own oversight. Despite the fact that Benenson & Scher promptly applied for approval on discovering its oversight, and despite its claim that compensation will come from funds set aside for the debtor without harm to the creditors, it did not *651 allege any factors that would justify application of the discretion of the bankruptcy court to grant retroactive approval for their appointment. For that reason, there is no basis for this court to direct a remand for the bankruptcy court to exercise its discretion.
Therefore, although the bankruptcy court erred in holding it did not have discretion to grant retroactive approval of Benenson & Scher’s employment, we agree with the district court that denial of such approval must be affirmed. In so ruling, we do not suggest that Benenson & Scher acted from any improper motive or that it engaged in any of the practices that concerned Congress. It is simply that the prophylactic statutory rule that approval must be sought in advance of performance of services is too strong to be overcome by a mere showing of oversight.
IV.

Conclusion

For the reasons set forth above, the district court’s order affirming the order of the bankruptcy court denying retroactive approval of Benenson & Scher’s employment will be affirmed.

. In In re National Tool & Mfg. Co., 209 F.2d 256 (3d Cir.1954), we denied compensation to counsel for trustees of the debtor because he was not appointed in the manner required by the then applicable General Order 44. There was no discussion of a nunc pro tunc order, but again there appears to have been another disabling factor, since notice of the application for compensation was not given to creditors as required by the statute. Id. at 257. Similarly, in In re Calpa Co., 411 F.2d 1373 (3d Cir.1969), we did not explicitly bar retroactive approval but simply denied it to an attorney who had earlier been denied prior approval.