812 F.2d 1363
 CYPRESS BARN, INC., A Florida Corporation, Plaintiff-Counterdefendant,
v.
WESTERN ELECTRIC COMPANY, INC., a New York Corporation
licensed to do business in the State of Florida.
Defendant-Counterplaintiff-Appellee,
v.
Larry R. ROUTT, et al., Counterdefendants,
and
Smith Barney, Harris Upham & Co., Inc., Appellant.
 No. 85-3912.
 United States Court of Appeals,
Eleventh Circuit.
 March 23, 1987.
 
 Ruden, Barnett, McClosky, Schuster & Russell, O'Bannon M. Cook, Tallahassee, Fla., for appellant.
 Mikals, Bradford, Cannon & Walters, Dana G. Bradford, II, Jacksonville, Fla., C. Edwin Rude, Jr., Tallahassee, Fla., for Western Elec.
 Appeal from the United States District Court for the Northern District of Florida.
 Before GODBOLD and VANCE, Circuit Judges, and SWYGERT*, Senior Circuit Judge.
 VANCE, Circuit Judge:
 
 
 1
 Smith Barney, Harris Upham & Co. ("Smith Barney"), a nonparty to this action, and Larry R. Routt, appealed an order holding both parties in civil contempt.
 
 
 2
 The litigation surrounding this appeal began in 1980. On August 17, 1981 the district court entered an order for a preliminary injunction restraining Larry Routt and other parties from, inter alia, transferring funds from a Smith Barney money market account. Smith Barney received actual notice of this preliminary injunction. On June 28, 1985 the district court, upon advice of the parties that the suit had been settled, entered an order of dismissal with prejudice reading as follows:
 
 
 3
 The court having been advised that this matter has been compromised and settled between the parties, it is ORDERED:1. This cause is hereby dismissed with prejudice and without taxation of costs.
 
 
 4
 2. In the event settlement is not consummated for any reason, the court reserves the power, upon motion filed by any party, within 60 days of the date hereof, to amend, alter or vacate and set aside this order of dismissal.
 
 
 5
 On July 3, 1985 Western Electric moved to vacate the dismissal order arguing that "[t]he dismissal ... if literally construed, could be construed as or result in dissolution of the preliminary injunction...." On July 7, 1985 the district court purportedly vacated nunc pro tunc the prior June 28, 1985 dismissal with prejudice. A copy of the order was served on Larry Routt's counsel, but no notice was given to Smith Barney of either the June 28, 1985 dismissal with prejudice or the subsequent July 7, 1985 vacation of that order.
 
 
 6
 On August 16, 1985 Larry Routt withdrew $68,000 from the Smith Barney account, in violation of the injunction. Routt testified at a subsequent contempt hearing that he squandered these funds gambling. This testimony was uncontested. Smith Barney admits that it had notice of the original August 17, 1981 injunction, had no notice of the order dismissing the suit with prejudice, and disbursed these funds to Routt only because of a clerical error.
 
 
 7
 The district court found Smith Barney and Routt in civil contempt, ordering each to pay $68,000 into the court registry. The court offered Routt the alternative of serving six months in jail. This appeal followed. As a result of a settlement between Routt and appellee, a consent judgment suspending the contempt order against Routt was entered in the underlying suit. Soon thereafter, on appropriate suggestion, this court dismissed Routt's appeal for mootness.
 
 
 8
 The only issue left for us to resolve is whether the district court erred in holding Smith Barney in civil contempt. Smith Barney argues that the district court erred as a matter of law. We agree.
 
 
 9
 Since a preliminary injunction is interlocutory in nature, it cannot survive a final order of dismissal. See Madison Square Garden Boxing, Inc. v. Shavers, 562 F.2d 141, 144 (2d Cir.1977). The court's use of an order nunc pro tunc to reinstate the preliminary injunction was improper. A nunc pro tunc order merely recites court actions previously taken but not properly or adequately recorded. Cairns v. Richardson, 457 F.2d 1145, 1149 (10th Cir.1972). "The failure of a court to act, or its incorrect action, can never authorize a nunc pro tunc entry. If a court does not render judgment or renders one which is imperfect or improper, it has no power to remedy any of these errors or omissions by treating them as clerical misprisions." Recile v. Ward, 496 F.2d 675, 680 (5th Cir.) (quoting Freeman on Judgments Sec. 131), reh'g denied and modified on other grounds, 503 F.2d 1374 (1974). The court's July 7, 1985 order vacating the dismissal could not retroactively nullify the previous order of dismissal. In fact the July 7, 1985 order, if effective, would operate as a new injunction. Since Smith Barney was never given actual notice of this order, Smith Barney as a nonparty cannot be held in contempt thereof. Fed.R.Civ.P. 65(d); see, e.g., Vuitton et Fils S.A. v. Carousel Handbags, Inc., 592 F.2d 126, 129-30 (2d Cir.1979).
 
 
 10
 While Smith Barney had actual notice of the original 1981 preliminary injunction and, having no other knowledge of the case, acted in derogation of what it thought was a fully effective preliminary injunction, this is of no account. Smith Barney's actual notice of the original injunction cannot serve as a substitute for actual notice of the July 7, 1985 order. To hold Smith Barney in civil contempt under these circumstances would be contrary to the plain language of Fed.R.Civ.P. 65(d).
 
 
 11
 That portion of the district court's order holding Smith Barney in civil contempt is
 
 
 12
 VACATED.
 
 
 
 *
 Hon. Luther M. Swygert, Senior U.S. Circuit Judge for the Seventh Circuit, sitting by designation