**In the Matter of CAMP LIGHTWEIGHT, INC., Debtor.**

**Bankruptcy No. 85–40160–COL.**

United States Bankruptcy Court, M.D. Georgia, Columbus Division.

June 23, 1987.

Charles C. Carter, Columbus, Ga., applicant.

MEMORANDUM OPINION ON APPLICATION FOR AUTHORIZATION TO EMPLOY AN ATTORNEY NUN PRO TUNC

ROBERT F. HERSHNER, Jr., Chief Judge.

MEMORANDUM OPINION
AND ORDER

Camp Lightweight, Inc., Debtor, filed its Chapter 11 case with this Court on March 22, 1985. Debtor filed its "Application for Authorization to Employ an Attorney Nunc Pro Tunc" with the Court on March 6, 1987.[1] In its application, Debtor asks the

---

**1.** As noted by the United States Supreme Court in *NLRB v. Bildisco & Bildisco,* there is no real

Court to appoint Charles C. Carter as attorney for Debtor in this Chapter 11 case retroactive to March 22, 1985.[2] The application came on for hearing before the Court on March 31, 1987, and the Court, having considered the application, now enters this memorandum opinion and order.

While the application is brought in the name of Debtor, it is apparent to the Court that the application is actually brought by Mr. Carter and that Mr. Carter seeks a nunc pro tunc order. Mr. Carter is the attorney who represented Debtor in this Chapter 11 case, and Mr. Carter knows that the law requires that the Court approve counsel before legal services are rendered on behalf of a Chapter 11 debtor. Sections 327(a) and 1107(a) of the Bankruptcy Code[3] authorize Debtor, with the Court's approval, to employ counsel. Section 327(a) provides:

> (a) Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C.A. § 327(a) (West 1979).

Section 1107(a) provides:

> (a) Subject to any limitations on a trustee serving in a case under this chapter, and to such limitations or conditions as the court prescribes, a debtor in possession shall have all the rights, other than the right to compensation under section 330 of this title, and powers, and shall perform all the functions and duties, except the duties specified in sections 1106(a)(2), (3), and (4) of this title,

of a trustee serving in a case under this chapter.

11 U.S.C.A. § 1107(a) (West Supp.1987).

Thus, it is clear that employment of an attorney, as authorized by section 327, must be with court approval. This Court has regularly entered nunc pro tunc orders when attorneys in bankruptcy cases have failed to have their employment approved by the Court prior to rendering professional services. The Court is of the opinion that this practice should be re-examined in light of the trend in several circuit courts, which reveals that such a loose practice should not be condoned. *See In re Arkansas Co.*, 798 F.2d 645 (3rd Cir.1986); *Fanelli v. Hensley (In re Triangle Chemicals, Inc.)*, 697 F.2d 1280 (5th Cir.1983); *Beecher v. Leavenworth State Bank*, 184 F.2d 498 (9th Cir.1950).

In *In re Arkansas Co.*, the Third Circuit Court of Appeals stated that if retroactive approval is freely granted, laxity by counsel would be rewarded and circumvention of the statutory requirements might be encouraged. 798 F.2d at 650. Such an approach renders meaningless the structure of the Bankruptcy Code and the Bankruptcy Rules, which require prior approval of employment. *Id.* at 649. *See* 11 U.S.C.A. § 327(a) (West 1979); R.Bankr.P. 2014. The court of appeals in *In re Arkansas Co.* stated that the requirement of prior approval of employment ensures " 'that the court may know the type of individual who is engaged in the proceeding, their integrity, their experience in connection with work of this type, as well as their competency concerning the same.' " 798 F.2d at 648 (quoting *In re Hydrocarbon Chemicals, Inc.*, 411 F.2d 203, 205 (3rd Cir.), *cert. denied*, 396 U.S. 823, 90 S.Ct. 66, 76, 24 L.Ed.2d 74 (1969)). The court of appeals also stated that a bankruptcy court may be overly inclined to approve an attorney's employment nunc pro tunc due to claims of

---

distinction between the term "debtor" and "debtor in possession." 465 U.S. 513, 528, 104 S.Ct. 1188, 1197, 79 L.Ed.2d 482 (1984). Debtor's application is really brought in its capacity as debtor in possession, which gives Debtor substantial powers under the Bankruptcy Code.

**2.** Wilson Camp, President of Debtor, appeared at the March 31, 1987, hearing and advised the Court that Mr. Carter was discharged from representing Debtor approximately one week before the hearing.

**3.** 11 U.S.C.A. § 327(a) (West 1979); 11 U.S.C.A. § 1107(a) (West Supp.1987).

hardship by the attorney because of work he or she has already performed. *Id.* at 649. The court of appeals, therefore, held that "retroactive approval of appointment of a professional may be granted by the bankruptcy court in its discretion but that it should grant such approval only under *extraordinary circumstances." Id.* at 650 (emphasis added).[4]

▇ The Court agrees with the reasoning set forth by the Third Circuit Court of Appeals, and likewise holds that nunc pro tunc orders for retroactive approval should be entered only if counsel can demonstrate extraordinary circumstances warranting such action. In this bankruptcy case, the Court has never approved the employment of Mr. Carter. At the March 31, 1987, hearing, the Court asked Mr. Carter why he had not had the Court appoint him to represent the Debtor in this Chapter 11 case. Mr. Carter responded that he had been appointed in a related bankruptcy case,[5] but that he had overlooked having himself appointed in this Chapter 11 case. Mere oversight of counsel is not an extraordinary circumstance for failing to comply with the requirements of the law. *See, e.g., In re Arkansas Co.,* 798 F.2d at 650. Mr. Carter had himself appointed to represent a debtor in a related bankruptcy case, and he knew that he had to seek Court approval of his employment in this Chapter 11 case.

Accordingly; it is

ORDERED that the "Application for Authorization to Employ an Attorney Nunc Pro Tunc" filed by Camp Lightweight, Inc., Debtor, on March 6, 1987, is hereby denied.

---

**4.** The Fifth Circuit Court of Appeals in *In re Triangle Chemicals, Inc.* held that:

[W]here through oversight the attorney has neglected to obtain such prior approval but has continued to perform services for the debtor/debtor in possession (many of them as here under the eye of the court itself), the bankruptcy court retains equitable power in the exercise of its sound discretion, *under exceptional circumstances,* to grant such approval nunc pro tunc, upon proper showing, and to award compensation for all or part of the services performed by such attorney that have subsequently benefited the debtor's estate and, consequently, its creditors.

697 F.2d at 1289 (emphasis added).

**5.** *See Camp Concrete Industries, Inc.,* Ch. 11 Case No. 84–40507–COL (Bankr.M.D.Ga. Dec. 10, 1984).