**In re Mary Meeks BROWN, Debtor.**

**IMC Mortgage Co., Inc., Movant,**

v.

**Mary Meeks Brown and Kristin Smith, Trustee, Respondents.**

**No. 99–10976–JDW.**

United States Bankruptcy Court, M.D. Georgia, Albany Division.

May 16, 2000.

Andrew S. Shuping, Shuping, Morse & Ross, LLP, Riverdale, GA, for Movant.

Kristin Smith, Chapter 13 Trustee's Office, Columbus, GA, for Respondents.

### MEMORANDUM OPINION

JAMES D. WALKER, Jr., Bankruptcy Judge.

This matter comes before the Court on Motion for Reief from Stay *nunc pro tunc* filed by IMC Mortgage Company, Inc. ("Creditor"). This is a core matter within the meaning of 28 U.S.C. § 157(b)(2)(G). After considering the pleadings, evidence and applicable authorities, the Court enters the following findings of fact and conclusions of law in conformance with Federal Rule of Bankruptcy Procedure 7052.

### Findings of Fact

Mary Meeks Brown ("Debtor") transmitted a facsimile of her Chapter 13 petition to the Court on August 2, 1999. The Court accepted it pursuant to Local Bankruptcy Rule for the Middle District of Georgia 5005–4. On August 3, 1999, Creditor completed a foreclosure action against Debtor's real property and initiated dispossessory proceedings. On August 9,

1999, the Court entered an order dismissing Debtor's Chapter 13 case because she failed to comply with the provisions of Local Rule 5005–4 that required her to file the original copy of her petition within forty-eight hours of transmitting the facsimile and to pay a facsimile fee. Also, Debtor did not pay the Chapter 13 filing fee.

This is the second of Debtor's Chapter 13 cases that the Court has dismissed. On April 27, 1999, the Court dismissed a case that Debtor filed on January 5, 1999. Creditor initiated its foreclosure proceedings prior to Debtor's previous filing, and it had no notice of this case until informed of it in Debtor's answer to the dispossessory pleadings. Creditor now moves the Court to retroactively relieve it from the automatic stay, effectively validating the foreclosure.

### Conclusions of Law

■ The generally applicable rule is that acts taken in violation of the automatic stay are void and without effect *ab initio*. See *In re Albany Partners, Ltd.*, 749 F.2d 670, 675 (11th Cir.1984) (citing *Kalb v. Feuerstein*, 308 U.S. 433, 443, 60 S.Ct. 343, 348, 84 L.Ed. 370 (1940); *Borg–Warner Acceptance Corp. v. Hall*, 685 F.2d 1306, 1308 (11th Cir.1982)). Based on the evidence presented in this case, the general rule applies. Because Creditor foreclosed on Debtor's real estate in violation of the automatic stay, the foreclosure is void *ab initio*. The Court notes, however, that the Eleventh Circuit's holding in *In re Albany Partners* establishes an exception to the general rule.

In *In re Albany Partners*, the creditors of the debtor's predecessor initiated foreclosure proceedings. The predecessor answered that it had conveyed the property to the debtor approximately three months earlier. The predecessor counterclaimed to enjoin the foreclosure, but it presented no evidence of the conveyance at the state court's evidentiary hearing on the matter. The creditors could find no record of the deed, and the predecessor did not attempt to join the debtor in the proceedings. The state court rejected the predecessor's counterclaim, granted the writ of possession, and appointed a receiver. The creditors consummated their foreclosure a week later. *In re Albany Partners, Ltd.*, 749 F.2d at 671–72.

Knowledge of the risk to its interest could be attributed to the debtor because two of its general partners were general partners in the predecessor. Though it had such knowledge, the debtor made no attempt to intervene in the repossessory proceedings. Rather, it petitioned for protection under Chapter 11 on the eve of foreclosure and five days after the state court decided in favor of the creditors. *Id.*

■ The Eleventh Circuit held that the bankruptcy court properly dismissed the debtor's Chapter 11 petition as a bad faith filing. *Id.* at 674. The appellate court further held that the bankruptcy court acted within its power when it annulled the automatic stay, retroactively validating the foreclosure because the use of the term "annul" in Section 362(d) gives bankruptcy courts power, "in appropriately *limited* circumstances, to grant retroactive relief from the automatic stay." *Id.* (emphasis in original).

■ Its emphasis on the term "limited," indicates that the Eleventh Circuit intended a narrow application of its holding in *In re Albany Partners*. The court did not specify a test for ascertaining "appropriately limited circumstances," but it noted "the important congressional policy behind the automatic stay [that] demands that courts be especially hesitant to validate acts committed during the pendency of the stay." *Id.* (footnote omitted). The Eleventh Circuit gave special attention to Congress's intention of granting the debtors a breathing spell in which to formulate a reorganization plan. *Id.* at 675 n. 9 (citing H.R.Rep. No. 595, at 340 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6296–97). This Court also notes that Con-

gress intended the automatic stay to protect other creditors, as well as the debtor. *See* H.R.REP. No. 595, at 340 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6296–97.

■ The Eleventh Circuit articulated no test for determining when to grant annulment of the stay, but minimum requirements can be discerned. First, because it would be inappropriate for the Court to approve a wilful violation of the automatic stay, it should be clear that the Court will grant an annulment only if the Creditor justifiably believed its action did not violate the automatic stay. In *In re Albany Partners*, the creditors justifiably believed their action did not violate the automatic stay because all evidence indicated that the property in question was not property of the debtor's bankruptcy estate. The minimum requirement is likewise met in this case. Because Creditor acted without notice of Debtor's petition, Creditor's violation of the stay was not wilful.

■ However, Creditor's innocent violation of the stay alone is not sufficient to justify annulment. In order to meet the minimum requirements, Creditor must also show that its innocent violation of the stay did not violate the policies underlying the automatic stay. Thus Creditor must, at a minimum, show that its action did not interfere with the "breathing spell" that the stay affords Debtor, and Creditor must show that its foreclosure had no negative impact on other creditors.

■ While there may be other means of showing that Creditor's action did not interfere with policy of the stay requiring a "breathing spell" for Debtor, it would be sufficient for Creditor to show that Debtor petitioned for relief in bad faith and with no intention of proposing a plan. Debtor's petition on the eve of foreclosure, her failure to propose a plan in an earlier case, and her failure to comply with the requirements of Local Rule 5005–4 provide sufficient evidence to conclude that Debtor did not file her petition in good faith.

■ As for the negative impact on other creditors, it does not appear that multiple interests in the property were at issue in *In re Albany Partners*, but the policy of protecting the interests of other creditors must be taken into consideration. For example, a junior mortgage holder or other lien holder, with notice of Creditor's impending foreclosure and notice of the stay, may have assumed Creditor would be aware of the stay and would comply with the stay. Such a creditor would be expected to refrain from exercising a right of redemption that it might have held, or from intervening in some other manner available to it.[1] The interest of such a party would thus be injured if the Court granted Creditor's motion to annul the stay. Because Creditor seeks retroactive relief from the stay, it is Creditor's burden to show that validation of its foreclosure would injure no other interest that may exist in Debtor's property. This could be a difficult burden to satisfy in some cases in that it requires proof of a negative circumstance. Creditor makes no allegation with respect to this burden and has presented no evidence that would satisfy this burden.

Because Debtor's facsimile filing was dismissed after a mere seven days, the record does not demonstrate whether there were any other creditors who would have been adversely affected by the foreclosure. Furthermore, Debtor might have no interest in coming forward in response to this motion to protect other such creditors. The Court is left with the choice of speculating as to whether there were such

1. How should the court regard the interest of a judgment lien holder, for example, who receives notice of the bankruptcy and is motivated to participate in the case to protect its interest? Validation of the foreclosure would terminate the right of that creditor and deprive that creditor of a favorable, albeit fortuitous, advantage without any legal justification. The advantage created for that creditor by the filing of the case is no less important than the advantage enjoyed by the creditor prosecuting the foreclosure action.

other creditors, or requiring proof of such circumstances as a minimum requirement for annulment of the stay. In the proof of a matter deemed essential to the result, speculation and assumption cannot serve as a substitute for proof. Creditor has not shown that its action in violation of the automatic stay meets the minimal requirements for annulling the automatic stay.

### Conclusion

The Court will deny Creditor's motion for relief from the automatic stay *nunc pro tunc*. Unlike *In re Albany Partners,* this case does not present the Court with facts warranting annulment of the stay. Denial of the motion will be without prejudice to the rights of creditor to renew the motion with proof of the essential elements required for annulment of the stay.

An order in accordance with this opinion will be entered on this date.