**In re David A. and Vicki B. WREN, Debtor.**

**No. 93–10368 JTL.**

United States Bankruptcy Court,
M.D. Georgia,
Albany Division.

Oct. 8, 2004.

Thomas D. Lovett, Kelley, Lovett, Mullis and Blakey, P.C., Albany, GA, for Debtors.

## MEMORANDUM OPINION

JOHN T. LANEY, III, Bankruptcy Judge.

On August 23, 2004, the court held a telephonic hearing on the Motion of David and Vicki Wren to close the case nunc pro tunc. At the conclusion of the hearing, the court took the matter under advisement. After considering the parties' briefs and oral arguments, as well as applicable statutory and case law, the court makes the following findings of fact and conclusions of law.

## PROCEDURAL HISTORY

The Wrens filed a Chapter 11 Bankruptcy proceeding May 13, 1993, which was confirmed on June 27, 1994. A final decree was entered on October 28, 1994. The Debtors asked the court to re-open the case in June 1996, but later withdrew the motion. The Debtors again moved to re-open the case January 2, 2002. The case was then re-opened on February 27, 2002, specifically to address an adversary proceeding against Sallie Mae Servicing, L.P. There have been no other actions besides the adversary proceeding in connection with this case since it was re-opened.

Since the plan was reopened, the Wrens have not paid the Trustee any fees in accordance with the statute. The United States Trustee filed a motion to convert the case to a Chapter 7 on July 21, 2004. The Trustee cited the Wrens' failure to perform under 28 U.S.C. § 1930(a)(6) by not paying fees or submitting monthly operating reports in compliance with the statute as the basis for bringing the motion. In response, on July 23, 2004 the Wrens filed a motion to close the case nunc pro tunc to January 2, 2002, contending the fees and monthly reports were not necessary because the case was only opened for the filing of the adversary proceeding.

## CONCLUSIONS OF LAW

The Eleventh Circuit defined nunc pro tunc in *Cypress Barn. Inc. v. Western Electric Co.*, 812 F.2d 1363 (1987) as retroactive relief that "merely recites court actions previously taken but not properly or adequately recorded." *Id.* at 1364 (citations omitted).

This district has addressed the high burden placed on a party seeking a nunc pro tunc order in *In re Brown*, 251 B.R. 916 (Bankr.M.D.Ga.2000). In *Brown* the creditor seeking the retroactive relief had the burden to show that, if granted, the action "would injure no other interest... [which] could be a difficult burden to satisfy in some cases in that it requires proof of a negative circumstance." *Id.* at 919.

### A. There are not extraordinary circumstances

■ The Middle District Bankruptcy Court has applied a requirement of extraordinary circumstances to grant retroactive relief. In *In re Camp Lightweight, Inc.*, 76 B.R. 855 (Bankr.M.D.Ga.1987), a nunc pro tunc order was not granted because the debtor failed to establish extraordinary circumstances warranting retroactive relief. In that case, the attorney for a Chapter 11 debtor in possession neglected to have the have the debtor apply for authorization to employ counsel. The court declined to approve the appointment of counsel nunc pro tunc because "retroactive approval of appointment of a professional may be granted by the bankruptcy court in its discretion but that it should grant such approval only under *extraordinary circumstances.*" *Id.* at 857 (citing *In re Arkansas Co.*, 798 F.2d 645, 650 (3d Cir.1986)). In *Camp Lightweight* the attorney's "mere oversight" to seek appoint-

ment did not meet the burden of extraordinary circumstances. *Id.*

*In re Aquatic Development Group, Inc.,* 352 F.3d 671 (2d Cir.2003) also addressed the extraordinary circumstances requirement. Like the present case, the debtor in *Aquatic* wanted to close its Chapter 11 case nunc pro tunc to avoid paying United States Trustee fees. The fees were assessed when 28 U.S.C. § 1930(a)(6) was amended to require quarterly Trustee fees until a case is either converted or dismissed. Prior to that, § 1930(a)(6) discontinued payments when a plan was confirmed in addition to converted or dismissed cases. The *Aquatic* case had been confirmed and the debtor contended it was "substantially consummated." *Id.* at 675.

The debtor's motion to close the case nunc pro tunc was granted by the bankruptcy court and affirmed by the district court under a two prong test: "(i) if the application had been timely, the court would have authorized the [relief], and (ii) the delay in seeking [the relief requested] resulted from extraordinary circumstances." *Id.* at 676. The court found that the "prolonged nature of this plan and the timing of the amendment of ... § 1930; the consequences of that change; and the failure of the parties to adequately monitor the progress of this case" constituted extraordinary circumstances. *Id.*

The Second Circuit Court of Appeals reversed and found the bankruptcy court had abused its discretion. "First, the unusual length of time required to consummate the reorganization plan ... may well have been extraordinary, but there is no evidence in the record that the time required to consummate the plan *caused* [the debtor] to delay its request to close the bankruptcy case." *Id.* at 678–79 (emphasis added). Next, the court addressed the timing of the amendment to the Code. The court concluded that although this

may have lead to unfortunate and unanticipated financial consequences to the debtor, it was not the cause of the delay in moving to close the case. Indeed, the court notes that such a change should have spurred the Debtor "to act diligently in seeking closure." *Id.* at 679. Finally the court discussed the parties' failure to adequately monitor the closure of the case. The court stated that simple neglect did not constitute extraordinary circumstances. Further, "characterizing [the debtor's] neglectful conduct as extraordinary circumstance justifying nunc pro tunc relief mistakes cause for effect—[the debtor's] failure to act was *itself* the delay, rather than a 'circumstance' leading to it." *Id.*

■ In the present case, extraordinary circumstances have not been presented. Like the debtor in *Aquatic,* the Wrens seek to avoid paying fees to the Trustee, but have failed to show extraordinary circumstances to justify granting such a motion nunc pro tunc. Although the Wrens have reopened their ten year-old case, which may be out of the ordinary, the delay in seeking this relief was not a result of "any circumstances sufficiently extraordinary to justify the rare and powerful relief of retroactive closure." *Id.*

**B. There is no previous action by this court**

In *Cypress Barn* the Eleventh Circuit stated that "a nunc pro tunc order merely recites court actions previously taken but not properly or adequately recorded." 812 F.2d 1363, at 1364. In the present case there is no prior action by the court in regard to this issue to correct.

**C. Granting this motion would not further the objectives of the Bankruptcy Code**

■ The standard the bankruptcy courts should use in deciding whether to

issue a retrospective order is whether the order "will further the purposes of the Bankruptcy Code." *In re The Hillard Development Corp.,* 2004 WL 1347049, *2 (Bankr.S.D.Fla.2004). Withholding Trustee's fees does not further the Bankruptcy Code. "These fees bear no relation to particular services performed by the Trustee. Indeed, the legislative history of the amendment to § 1930 makes it clear that the fees are used to offset other expenditures in the federal budget and that the amendment was added to increase the revenue raised from these fees." *Aquatic,* 352 F.3d 671, at 674.

■ In addition to furthering the Bankruptcy Code, the court in *Hillard* stated that "nunc pro tunc effect may, and should, be provided" when it can be done so "without unfairly prejudicing parties-in-interest." 2004 WL 1347049, *2. This reiterates the burden established in *Brown* that the retroactive relief cannot injure another interest. In the present case the Trustee's interest would be injured by granting the motion.

The Wrens claim that the case was reopened for mere administrative convenience. However, even if it were for the convenience of the court, the fees paid to the Trustee would still further the Bankruptcy Code. Contrariwise, if the court granted the retroactive relief the motion would be to the detriment of the Trustee and therefore in derogation of the Code. Nevertheless, this decision does not reach the issue of whether the Debtors are in fact required to file monthly reports and pay U.S. Trustee quarterly fees after the case is closed if it is re-opened to allow the Debtors to file an adversary proceeding, which is the subject of a motion that has not been fully briefed. The Debtors are directed to promptly file their reply brief on this issue.

### D. Granting the motion would not give effect to an agreement already in place

This is not a situation giving effect to an agreement or situation already in place. Retroactive relief was appropriate in *In re General Development Corp.,* 165 B.R. 685 (S.D.Fla.1994), when the court reinstated a settlement order nunc pro tunc that was substantially the same as the agreement originally approved. In contrast, in the present case if retroactive relief were granted there would be a change in the status quo adversely affecting a party-in-interest.

### E. The case is distinguishable from *In re Junior Food Mart* and *In re Menk*

At the hearing, the Wrens relied on *In re Junior Food Mart of Arkansas, Inc.,* 201 B.R. 522 (Bankr.E.D.Ark.1996). Like the present case, the debtor in *Junior Food Mart* reopened a closed Chapter 11 in order to permit the filing of an adversary proceeding. In that case, the court closed the case nunc pro tunc to allow the debtor to avoid liability for Trustee fees. *Junior Food Mart* is not persuasive in this case. First, it is not binding on this court. Second, *Junior Food Mart* "is of little precedential value, as it was decided before Congress enacted the clarifying provision to § 1930(a)(6), reaffirming that the fee statute would apply to all pending Chapter 11 cases regardless of confirmation status." *Aquatic,* 352 F.3d at 681 n. 1.

The Wrens also relied on *In re Menk,* 241 B.R. 896 (9th Cir. BAP 1999) for the proposition that it is not necessary for a case to be reopened for the court to exercise jurisdiction over an adversary proceeding. Therefore, when a case is reopened for purely administrative convenience it would be unfair to incur Trustee fees. The Wrens argue that the

reopening of the case was done at the request of the Clerk's office as an administrative convenience so that there would be an open file to place documents related to the adversary proceeding against Sallie Mae. *Menk* is not binding and is distinguishable from the present case. In *Menk* it was the creditor, and not the debtors who reopened the case. Further, *Menk* was a Chapter 7 case, thus mandatory quarterly fees in all open Chapter 11 cases under 28 U.S.C. § 1930(a)(6) were not at issue.

### CONCLUSION

In the present case the Wrens have not met the heavy burden to grant retroactive relief set forth in *Brown*. There are no extraordinary circumstances as required under *Camp Lightweight* that would justify granting an order nunc pro tunc. Further, by withholding Trustee fees, this requested relief would not further the Bankruptcy Code and would unfairly prejudice a party-in-interest. Therefore the requested relief is denied.

An order in accordance with this Memorandum Opinion will be entered.