### In the MATTER OF ALLIED HOLDINGS, INC. and Related Debtors, Debtors.

Nos. 05–12515–CRM, 05–12516–CRM, 05–12517–CRM, 05–12518–CRM, 05–12519–CRM, 05–12520–CRM, 05–12521–CRM, 05–12522–CRM, 05–12523–CRM 05–12524–CRM, 05–12525–CRM, 05–12526–CRM, 05–12527–CRM, 05–12528–CRM, 05–12529–CRM, 05–12530–CRM, 05–12531–CRM, 05–12532–CRM, 05–12533–CRM, 05–12534–CRM, 05–12535–CRM, 05–12536–CRM, 05–12537–CRM.

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

Oct. 11, 2006.

Alisa H. Aczel, Ezra H. Cohen, Jeffrey W. Kelley, Thomas R. Walker, Harris Winsberg, Troutman Sanders LLP, James C. Cifelli, Lamberth, Cifelli, Stokes & Stout, PA, F. Maria Sheffield, Greenebaum Doll & McDonald PLLC, Atlanta, GA, Mary Kay Shaver, Varnum, Riddering, Schmidt & Howlett LLP, Grand Rapids, MI, for Debtors.

## ORDER

C. RAY MULLINS, Bankruptcy Judge.

Before the Court is the Motion to Annul the Automatic Stay, filed by Stephan G. Newlin (hereinafter "Newlin"), and the Motion for Contempt, filed by Allied Holdings, Inc. and affiliated debtors (hereinafter the "Debtors"). These matters constitute core proceedings, over which this Court has subject matter jurisdiction. *See* 28 U.S.C. § 157(b)(G), (O); § 1334.

### FINDINGS OF FACT

On September 9, 2004, Newlin was involved in an automobile collision with another vehicle. On February 17, 2006, Newlin filed a complaint against Allied Automotive Group, Inc. (hereinafter "AAG") and ABC Insurance Company in the Superior Court of Paulding County, Georgia. In that complaint, Newlin alleged that the accident, in which Newlin suffered injuries, was caused by the negligence of Aaron Allen, who was, at the time of the accident, employed by AAG and was driving a vehicle owned by AAG. Newlin served the complaint and summons upon AAG through its registered agent, Corporation Service Company. AAG failed to respond to the complaint, and, on June 21, 2006, Newlin obtained a default judgment in the amount of $1.5 million against AAG.

Prior to the filing of Newlin's complaint, AAG, along with its affiliated debtors, filed a voluntary petition under Chapter 11 of the Bankruptcy Code. At the time the Debtors filed their petition and schedules, the Debtors had no knowledge of the fact that Newlin was asserting a claim against AAG in connection with the automobile collision. Accordingly, the Debtors did not list Newlin as a creditor or otherwise provide direct notice to Newlin of the bank-

ruptcy filing.[1] The Debtors never filed notice of the bankruptcy filing in the state court action, and, accordingly, Newlin had no actual notice of the bankruptcy filing until after the entry of the default judgment.

At some time after the entry of the default judgment, Newlin's state court attorney, John F. Daugherty, with the firm of Greer, Klosik, Daugherty, Swank, and McCune, inquired as to the identity of AAG's insurance carrier in an effort to collect against the judgment. When the Debtors learned of the existence of the default judgment, the Debtors made repeated demands upon Daugherty that Newlin vacate the judgment. Daugherty refused to do so, despite being informed of the bankruptcy case. In response, the Debtors filed the instant motion, seeking to hold Newlin in contempt for violating the automatic stay. The Debtors are seeking damages, pursuant to section 105(a) of the Bankruptcy Code, against Newlin and his attorneys.[2]

The Court held an expedited hearing on the Debtors' motion for contempt on August 9, 2006. At that time, the Court ordered Newlin to cease all attempts at collecting against the default judgment. Newlin's bankruptcy counsel informed the Court that Newlin would be filing a motion to lift the automatic stay. The Court continued the hearing on the Debtors' motion for contempt in order to hear the remaining issues in connection with a hearing on Newlin's motion for relief. Rather than file the motion for relief immediately, Newlin first filed a motion for a Rule 2004 examination of the Debtors and initiated an adversary proceeding, in which Newlin has asserted his claim for damages arising from the automobile collision. Finally, on September 13, 2006, Newlin filed the instant motion to annul the automatic stay. Following a hearing on these matters held on September 27, 2006, the Court denied the Motion to Annul the Automatic Stay and took under advisement the Debtors' Motion for Contempt to further consider the issue of whether to assess damages against counsel for Newlin. This Order will serve to memorialize the Court's findings of fact and conclusions of law as to Newlin's Motion to Annul the Automatic Stay and will address the issue reserved by the Court as to whether damages are appropriate.

### CONCLUSIONS OF LAW

▮▮▮ Section 362(a)(1) of the Code provides that the filing of a bankruptcy petition operates as a stay as to the "commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. § 362(a)(1). Additionally, "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case" is stayed. _Id._ § 362(a)(6). The automatic stay comes into effect immediately upon the commencement of the bankruptcy case and is "good against the world, regardless" of whether a party has notice of the stay or the bankruptcy filing. _In re Peralta,_ 317 B.R. 381 (9th Cir.BAP2004); _see also In re Smith,_ 180 B.R. 311 n. 17 (Bankr.N.D.Ga. 1995) (Murphy, J.). Actions taken in viola-

---

1. The Debtors provided publication notice of the bankruptcy filing.

2. At the hearing, the Debtors, in recognition of the fact that Newlin has claimed to be indigent, have asked that the Court assess any damages directly against Newlin's attorneys.

tion of the automatic stay are void and without effect. *See In re Albany Partners, Ltd.,* 749 F.2d 670, 675 (11th Cir. 1984).

A. *Motion to Annul the Automatic Stay*

▋] In this case, it is undisputed that Newlin violated the automatic stay by filing a complaint against AAG and by obtaining the default judgment. The fact that Newlin acted without notice of the bankruptcy filing is irrelevant. Accordingly, the default judgment is void and unenforceable. In order to validate the default judgment, Newlin seeks an order annulling the automatic stay.

▋] Section 362(d) provides that "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay ... for cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1). Section 362(d) "expressly grants bankruptcy courts the option, in fashioning appropriate relief, of 'annulling' the automatic stay, in addition to merely 'terminating' it." *In re Albany Partners, Ltd.,* 749 F.2d 670, 675 (11th Cir.1984); *In re Ford,* 296 B.R. 537 (Bankr.N.D.Ga.2003) (Bonapfel, J.). Therefore, bankruptcy courts have the power to grant retroactive relief from the automatic stay. *See id.* This power, however, is reserved for only those "appropriately limited circumstances." *Id.* Prior to exercising this power, the court must consider whether cause would have existed to lift the stay if the movant had sought relief from the stay prior to undertaking the action at issue. See *In re Ford,* 296 B.R. at 556.

▋ The court must be also "especially hesitant to validate acts committed during the pendency of the stay" and, when determining whether to do so, must be mindful of the purpose of the automatic stay. *Id.* Specifically, the court should be cognizant of the fact that the automatic stay is not only intended to protect the debtor from collection actions and to afford the debtor a "breathing spell" in which it can reorganize, but is also intended to protect the interests of the debtor's other creditors. *See In re Ford,* 296 B.R. at 548 (citing H.R. Rep. 595, 95th Cong., 1st Sess. 340–42 (1977), U.S.Code Cong. & Admin.News 1978, pp. 6296-97). In this regard, the automatic stay is instrumental in achieving one of the primary goals of the Bankruptcy Code—equality of distribution to similarly situated creditors. For this reason, the mere fact that the creditor lacked knowledge of the automatic stay is insufficient to support annulment of the stay. *See In re Brown,* 251 B.R. 916 (Bankr.M.D.Ga.2000). The court must also ensure that the creditor's actions did not interfere with the debtor's breathing spell or prejudice other creditors who would have relied on the existence of the automatic stay. *Id.*

▋ In this case, as the Court stated at the hearing, Newlin has failed to show sufficient "cause" for annulling the automatic stay. There is and can be no allegation that the Debtors have acted in bad faith in filing this bankruptcy case. The Debtors are in the process of a legitimate reorganization that depends upon the Debtors being free from dealing with claims such as Newlin's. The appropriate course of action for a personal injury claimant in this case was the same course taken by many other personal injury claimants. Those similarly situated creditors filed proof of their claims and, when necessary, filed motions for relief from the automatic stay to continue litigating in state court in order to obtain a judgment

to be enforced against the Debtors' insurance carrier only. In those cases in which sufficient insurance coverage existed, the Debtors have consented to such relief. In other instances, the personal injury claimants must await the time when the Debtors are in a position to resolve issues with regard to their claims. The Debtors have established that allowing Newlin to collect his $1.5 million judgment against insurance coverage would in fact impact the bankruptcy estate in that it would impair the Debtors' ability to obtain the release of restricted cash for use in its business operations and to fund its reorganization. If the stay is not annulled, Newlin's rights to proceed against the Debtors in an appropriate fashion will not be prejudiced, but will be "restored to the status quo ante." *In re Ford*, 296 B.R. at 557. The Court has concluded that no cause would have existed to lift the stay if Newlin had sought stay relief prior to filing his complaint and no cause has been shown for permitting Newlin to proceed with his void judgment when doing so would put him in a better position than other, similarly situated creditors and would impact the Debtors' ability to conduct their business and to effectuate their reorganization. For these reasons, the Court denied Newlin's motion to annul the automatic stay to permit the validation of the default judgment.

B. *Motion for Contempt*

■ Damages arising from willful violations of the automatic stay are available to "individuals" harmed by such violations under section 362(h). *See* 11 U.S.C. § 362(h).[3] However, a corporate debtor is

not an "individual" within the meaning of section 362(h). *See In re Jove Engineering, Inc.,* 92 F.3d 1539, 1550 (11th Cir.1996). The Debtors, therefore, seek an award of damages under section 105(a).

■ Under section 105(a), a bankruptcy court has the authority to issue "any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Code. 11 U.S.C. § 105(a).[4] The Eleventh Circuit Court of Appeals has held that section 105(a) provides an appropriate basis for an award of damages for a willful violation of the automatic stay when the party injured by the violation is not an "individual" within the meaning of section 362(h) "to the extent that such awards are 'necessary and appropriate' to carry out the provisions of the Bankruptcy Code." *In re Jove Engineering, Inc.,* 92 F.3d at 1554. A violation of the automatic stay is "willful" if the party "(1) knew the automatic stay was invoked and (2) intended the actions which violated the stay." The fact that the party did not intend to violate the automatic stay and acted without malice does not preclude a finding of contempt and an assessment of appropriate sanctions. *Id.* Damages for violations for contempt of the automatic stay assessed under section 105(a) can include damages designed to compensate the complainant for actual losses or to coerce compliance with the automatic stay. *See id.*

The Debtors contend that, notwithstanding the fact that Newlin and his attorneys had no notice of the bankruptcy filing at the time Newnlin's complaint was filed,

---

**3.** Following the amendments made to the Code by the Bankruptcy Abuse Prevention and Consumer Protection Act, former section 362(h) is now found in section 362(k).

**4.** The court also has inherent authority to sanction attorneys for litigation abuses. *See*

*In re Mroz,* 65 F.3d 1567 (11th Cir.1995) ("Rule 9011 is not the only basis for imposing sanctions against an attorney or other party; sanctions may be justified under the bankruptcy court's inherent power.")

once the Debtors notified them of the existence of the automatic stay and of the fact that the default judgment was void, they violated the automatic stay by refusing to vacate the judgment. *See In re Braught,* 307 B.R. 399 (Bankr.S.D.N.Y.2004) (creditor had affirmative obligation to vacate default judgment entered in violation of the automatic stay; failure to do so constituted willful violation of the automatic stay); *In re Keen,* 301 B.R. 749 (Bankr. S.D.Fla.2003) (noting that a "failure to take action to undo an innocent violation of the automatic stay constitutes a willful violation of the stay"). Newlin and his attorneys argue that they did not violate the automatic stay by failing to act and point to the fact that, once they received notice of the automatic stay, they simply stopped any attempts outside of bankruptcy to collect on the default judgment and began investigating the appropriate means of proceeding. Accordingly, they argue that they should not be sanctioned for their failure to vacate the default judgment.

■ While the Court is sympathetic to the respondent's position, the Court agrees with the Debtors that Newlin and his attorneys had an obligation, once informed of the bankruptcy filing, to vacate the void default judgment or, at a minimum, to immediately file a motion to annul the automatic stay. They failed to take any action that would have given the Debtors some assurance that they would not attempt to collect on the judgment. The Debtors, as fiduciaries of the bankruptcy estate, had no choice but to file an emergency motion to hold Newlin in contempt of the automatic stay and to seek an order compelling Newlin to refrain from any collection attempts. This, in itself, resulted in additional time and expense to the Debtors and a disruption of their ability to focus on the reorganization. Newlin and his attorneys further compounded this by assuring the Court that a motion for relief from the stay would be filed and subsequently failing to do so for an entire month's time. Additionally, when the motion for relief was finally filed, Newlin's bankruptcy counsel failed to set the motion for hearing, contrary to this Court's self-calendaring procedures, thus requiring the Debtors to contact the Court in order to ensure that the matter was heard within thirty days to prevent the automatic stay from expiring as a matter of law.

■ The Court finds that compensatory sanctions are appropriate in this case. Under the circumstances, further sanctions designed to coerce future compliance with the terms of the automatic stay are not necessary. The Debtors shall be reimbursed for attorney's fees reasonably incurred in connection with the filing of the Debtors' emergency motion for contempt. The Court cannot ascertain from the pleadings filed in this case or the statements made during the hearing who should bear personal liability for this sanction or the total amount of fees incurred. **Accordingly, the Court will hold a further hearing to consider these matters on October 25, 2006 at 9:30 a.m in Courtroom 1203, United States Courthouse, 75 Spring Street, Atlanta, Georgia 30303.**

**IT IS SO ORDERED.**